**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                              (State)

Case number (*If known*): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Fisker Inc.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  8 2 - 3 1 0 0 3 4 0

4. **Debtor's address**

   **Principal place of business**
   14   Centerpointe Drive
   Number   Street

   La Palma    CA   90623
   City        State  ZIP Code

   Orange
   County

   **Mailing address, if different from principal place of business**
   Number   Street

   P.O. Box

   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**
   Number   Street

   City   State   ZIP Code

5. **Debtor's website (URL)**  https://www.fiskerinc.com

Debtor      Fisker Inc._____          Case number (*if known*)_____
            Name

| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|   |   | ❏ Partnership (excluding LLP) |
|   |   | ❏ Other. Specify: _____ |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❏ Railroad (as defined in 11 U.S.C. § 101(44))

❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

❏ Tax-exempt entity (as described in 26 U.S.C. § 501)

❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3 3 6 1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

❏ Chapter 7

❏ Chapter 9

■ Chapter 11. *Check **all** that apply*:

   ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ❏ A plan is being filed with this petition.

   ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❏ Chapter 12

Debtor __Fisker Inc._____    Case number *(if known)*_____
      *Name*

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ■ No
    ☐ Yes.  District _____  When _____  Case number _____
                                                       MM / DD / YYYY
            District _____  When _____  Case number _____
                                                       MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ■ Yes.  Debtor __See Schedule 1 attached_____  Relationship _____
             District _____  When _____
                                                        MM / DD / YYYY
             Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?**_____
                                Number    Street

    _____
    _____  _____  _____
        City                                            State  ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
             Contact name _____
             Phone _____

■ **Statistical and administrative information**

Debtor  Fisker Inc._____     Case number *(if known)*_____
       *Name*

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* <br> ■ Funds will be available for distribution to unsecured creditors. <br> ❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| **14. Estimated number of creditors** | ❑ 1-49 <br> ❑ 50-99 <br> ❑ 100-199 <br> ■ 200-999 | ❑ 1,000-5,000 <br> ❑ 5,001-10,000 <br> ❑ 10,001-25,000 | ❑ 25,001-50,000 <br> ❑ 50,001-100,000 <br> ❑ More than 100,000 |
| **15. Estimated assets** | ❑ $0-$50,000 <br> ❑ $50,001-$100,000 <br> ❑ $100,001-$500,000 <br> ❑ $500,001-$1 million | ❑ $1,000,001-$10 million <br> ❑ $10,000,001-$50 million <br> ❑ $50,000,001-$100 million <br> ❑ $100,000,001-$500 million | ■ $500,000,001-$1 billion <br> ❑ $1,000,000,001-$10 billion <br> ❑ $10,000,000,001-$50 billion <br> ❑ More than $50 billion |
| **16. Estimated liabilities** | ❑ $0-$50,000 <br> ❑ $50,001-$100,000 <br> ❑ $100,001-$500,000 <br> ❑ $500,001-$1 million | ❑ $1,000,001-$10 million <br> ❑ $10,000,001-$50 million <br> ❑ $50,000,001-$100 million <br> ❑ $100,000,001-$500 million | ❑ $500,000,001-$1 billion <br> ■ $1,000,000,001-$10 billion <br> ❑ $10,000,000,001-$50 billion <br> ❑ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/19/2024
               MM / DD / YYYY

✗  /s/ John C. DiDonato_____      John C. DiDonato_____
   Signature of authorized representative of debtor        Printed name

   Title  Chief Restructuring Officer_____

Debtor  Fisker Inc.
        Name

Case number (if known) _____

18. **Signature of attorney**

✗ /s/ Robert J. Dehney, Sr.
Signature of attorney for debtor

Date  06/19/2024
      MM / DD / YYYY

Robert J. Dehney, Sr.
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201 N. Market Street, 16th Floor
Number      Street

Wilmington                                    DE         19801
City                                          State      ZIP Code

(302) 658-9200                                rdehney@morrisnichols.com
Contact phone                                 Email address

3578                                          DE
Bar number                                    State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-[•] ([•]) |
| Debtors. | **(**Joint Administration to be Requested**)** |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), has filed or will file a petition for relief in the United States Bankruptcy Court for the District of Delaware under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of their cases for procedural purposes only under the case number assigned to the chapter 11 case of Fisker Inc.

        Fisker Inc.
        Fisker Group Inc.
        Fisker TN LLC
        Blue Current Holding LLC
        Platinum IPR LLC
        Terra Energy Inc.

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __001-39160__.

2. The following financial data is the latest available information and refers to the debtor's condition on __March 31, 2024__.

   a. Total assets                                                                 $ 604,000,000

   b. Total debts (including debts listed in 2.c., below)     $ 1,200,000,000

   c. Debt securities held by more than 500 holders

   Approximate number of holders:

   | | | | | |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

   d. Number of shares of preferred stock

   e. Number of shares common stock     Class A shares: 2,000,000,000 authorized; 1,250,822,032 outstanding
   Class B shares: 150,000,000 authorized; 132,354,128 outstanding

   Comments, if any: _____

3. Brief description of debtor's business: __Fisker designs, develops, markets, and sells electric vehicles__.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Henrik Fisker; Dr. Geeta Gupta-Fisker.

**Fill in this information to identify the case:**

Debtor name: Fisker Inc., et al.
United States Bankruptcy Court for the District of Delaware
Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | US BANK<br>633 WEST 5TH STREET, 24TH FLOOR<br>LOS ANGELES, CA 90071 | PHONE: 213-615-6026<br>EMAIL: LACHERIE.WILLIAMS@USBANK.COM | CONVERTIBLE NOTES | | | | $ 874,507,358.90 |
| 2 | SAP AMERICA INC.<br>3999 WEST CHESTER PIKE<br>NEWTOWN SQUARE, PA 19073 | PHONE: 610-661-1000<br>EMAIL: FINANCEAR@SAP.COM | IT / SOFTWARE | | | | $ 2,379,320.72 |
| 3 | SALESFORCE.COM, INC<br>415 MISSION STREET, 3RD FLOOR<br>SAN FRANCISCO, CA 94105 | PHONE: 415-901-8457<br>EMAIL: WFERRIS@SALESFORCE.COM | IT / SOFTWARE | | | | $ 2,138,244.97 |
| 4 | GOOGLE LLC<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 | PHONE: 650-253-0000<br>EMAIL: COLLECTIONS@GOOGLE.COM | SALES & MARKETING | | | | $ 1,957,377.42 |
| 5 | ADOBE<br>345 PARK AVE<br>SAN JOSE, CA 95510 | PHONE: 408-536-2800<br>EMAIL: VIP-DIRECT-AMER@ADOBE.COM | IT / SOFTWARE | | | | $ 1,883,865.87 |
| 6 | MARSH USA, INC.<br>P.O. BOX 846112<br>DALLAS, TX 75284 | PHONE: NOT AVAILABLE<br>EMAIL: FIDUCIARYSERVICEREQUEST.US@MARSH.COM | INSURANCE | | | | $ 1,411,403.39 |
| 7 | AVNET INC<br>2211 S. 47TH STREET<br>PHOENIX, AZ 85034 | PHONE: 810-626-8956<br>EMAIL: JOEL.FISHMAN@AVNET.COM | MANUFACTURING / PARTS | | | | $ 1,340,303.99 |
| 8 | MANPOWERGROUP US INC<br>100 MANPOWER PL<br>MILWAUKEE, WI 53212 | PHONE: 414-961-1000<br>EMAIL: ANDREW.PULASKI@MANPOWER.COM | PROFESSIONAL SERVICES | | | | $ 1,081,384.05 |
| 9 | TESSOLVE DTS INC<br>3910 N. FIRST STREET<br>SAN JOSE, CA 95134 | PHONE: 408-865-0873<br>EMAIL: SALES@TESSOLVE.COM | RESEARCH & DEVELOPMENT | | | | $ 818,186.45 |
| 10 | URGENT.LY INC.<br>8609 WESTWOOD CENTER DRIVE, SUITE 8<br>VIENNA<br>VATICAN CITY, VA 22182 | PHONE: NOT AVAILABLE<br>EMAIL: THUFFMYER@GETURGENTLY.COM | IT / SOFTWARE | | | | $ 755,116.70 |
| 11 | PRELUDE SYSTEMS INC<br>5 CORPORATE PARK, SUITE 140<br>IRVINE, CA 92606 | PHONE: 949-208-7126<br>EMAIL: PRADEEP_P@PRELUDESYS.COM | IT / SOFTWARE | | | | $ 660,053.72 |
| 12 | NBCUNIVERSAL LLC<br>30 ROCKEFELLER PLAZA<br>NEW YORK, NY 10112 | PHONE: NOT AVAILABLE<br>EMAIL: GAVIN.LAU@NBCUNI.COM | SALES & MARKETING | | | | $ 649,999.97 |
| 13 | MICROSOFT CORPORATION<br>C/O BANK OF AMERICA<br>1950 N. STEMMON<br>DALLAS, TX 75207 | C/O BANK OF AMERICA<br>PHONE: NOT AVAILABLE<br>EMAIL: MSCREDIT@MICROSOFT.COM | IT / SOFTWARE | | | | $ 632,055.46 |
| 14 | STRATUS-X LLC, DBA XD INNOVATION AM<br>9800 MOUNT PYRAMID COURT, SUITE 400<br>ENGELWOOD, CO 80112 | PHONE: NOT AVAILABLE<br>EMAIL: MCARRABINO@XDINNOVATION.COM | IT / SOFTWARE | | | | $ 616,000.00 |
| 15 | T-MOBILE USA, INC.<br>12920 SE 38TH ST<br>BELLEVUE, WA 98006 | PHONE: NOT AVAILABLE<br>EMAIL: PAUL.TISCH@T-MOBILE.COM | TELECOM | | | | $ 594,565.76 |
| 16 | I.G. BAUERHIN GMBH<br>WIESENSTR. 29 HESSEN<br>GRUNDAU, 63584<br>GERMANY | PHONE: 49 6051 826-0<br>EMAIL: ANDRZEJ.DYMEK@BAUERHIN.COM | MANUFACTURING / PARTS | | | | $ 593,345.93 |
| 17 | ALERE PROPERTY GROUP LLC DBA 14422 ASTRONAUTICS APG LLC<br>100 BAYVIEW CIRCLE STE #310<br>NEWPORT BEACH, CA 92660 | PHONE: NOT AVAILABLE<br>EMAIL: KIRKBRIDE@UNIREGROUP.COM | RENT | | | | $ 548,592.83 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | VECTOR NORTH AMERICA INC. 39500 ORCHARD HILL PLACE SUITE 400 NOVI, MI 48375 | PHONE: 248-449-9290 EMAIL: SALES@US.VECTOR.COM | IT / SOFTWARE | | | | $ 529,288.35 |
| 19 | TOMTOM NORTH AMERICA, INC. 11 LAFAYETTE STREET LEBANON, NH 03766 | PHONE: NOT AVAILABLE EMAIL: ROYALTYDEPT@TOMTOM.COM | MANUFACTURING / PARTS | | | | $ 520,634.88 |
| 20 | NYSE LISTINGS 5660 NEW NORTHSIDE DRIVE, 3FLOOR, C ATLANTA, GA 30328 | PHONE: NOT AVAILABLE EMAIL: NAVEENGOUD.GEVAT@ICE.COM | PROFESSIONAL SERVICES | | | | $ 500,000.00 |
| 21 | TESSOLVE SEMICONDUCTOR PRIVATE LIMI PLOT#31 (P2), PHASE II, ELECTRONIC BANGALORE, 10 (KARNATAKA) 560100 INDIA | PHONE: NOT AVAILABLE EMAIL: PONNI.CARLIN@TESSOLVE.COM | RESEARCH & DEVELOPMENT | | | | $ 490,175.00 |
| 22 | BROADRIDGE ICS BROADRIDGE INVESTOR COMMUNICATION P.O. BOX 416423 BOSTON, MA 02241-6423 | PHONE: 800-353-0103 EMAIL: INVOICES@BROADRIDGE.COM | FREIGHT & DELIVERY | | | | $ 412,922.90 |
| 23 | MOURI TECH LLC 1183 W JOHN CARPENTER FWY IRVING, TX 75039 | PHONE: 972-756-1500 EMAIL: SIVAD@MOURITECH.COM | IT / SOFTWARE | | | | $ 400,561.10 |
| 24 | WESTFALIA AUTOMOTIVE GMBH AM SANDBERG 45 RHEDA-WIEDENBRUCK, 33378 GERMANY | PHONE: 49-162-431-8380 EMAIL: MSTRYCH@HORIZONGLOBAL.COM | MANUFACTURING / PARTS | | | | $ 383,219.84 |
| 25 | FEDEX P.O. BOX 7221 PASADENA, CA 91109-7321 | PHONE: 310-743-3501 EMAIL: VENDOR.EMAIL@FISKERINC.COM | FREIGHT & DELIVERY | | | | $ 368,328.37 |
| 26 | CONTINENTAL DEVELOPMENT CORPORATION DBA CONTINENTAL ROSECRAN 2041 ROSECRANS AVENUE, SUITE 200 EL SEGUNDO, CA 90245 | PHONE: NOT AVAILABLE EMAIL: ACCOUNTSRECEIVABLE@CONTINENTALDEVELOPMENT.COM | RENT | | | | $ 360,642.97 |
| 27 | AUTOMOTIVE MARKETING CONSULTANTS, I 1515 WEST 190TH STREET, SUITE 440 GARDENA, CA 90248 | PHONE: NOT AVAILABLE EMAIL: KKILLIP@AMCIGLOBAL.COM | SALES & MARKETING | | | | $ 348,238.78 |
| 28 | MAGNA STEYR FAHRZEUGTECHNIK GMBH & LIEBENAUER HAUPTSTRASSE 317 GRAZ, 8041 AUSTRIA | PHONE: NOT AVAILABLE EMAIL: RENE.HIRCZI@MAGNA.COM | MANUFACTURING / PARTS | | | | $ 332,969.92 |
| 29 | FERRANTE KOBERLING CONSTRUCTION, IN 2360 EASTMAN AVE. #112 OXNARD, CA 93030 | PHONE: 323-804-6842 EMAIL: JOROPALLO@FERRANTEKOBERLING.COM | CAPEX & MAINTENANCE | | | | $ 326,861.04 |
| 30 | DELL USA L.P. ONE DELL WAY ROUND ROCK, TX 78682 | PHONE: NOT AVAILABLE EMAIL: JESSICA.GRAY@DELL.COM | IT / SOFTWARE | | | | $ 316,757.86 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-[•] ([•]) |
| Debtors. | **(**Joint Administration to be Requested**)** |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY INTEREST HOLDERS**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Fisker Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors respectfully represent, as of the date hereof, the following:

1. Each of the Debtors[1] identified on the Corporate Structure Chart, other than Fisker Inc., is owned in its entirety by its direct parent.

2. Fisker Inc. is the ultimate parent of each of the Debtors, and its equity securities are publicly held as follows (as of April 8, 2024):

| Class of Common Stock | Amount Authorized | Amount Outstanding |
|---|---|---|
| A | 2,000,000,000 | 1,250,822,032 |
| B | 150,000,000 | 132,354,128 |

3. There are no entities that own 10% or more of the issued and outstanding common stock of Fisker Inc.

---

[1] The address of the Debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

## Exhibit A

**Corporate Structure Chart**



**UNANIMOUS WRITTEN CONSENT OF
THE TRANSACTION COMMITTEE OF THE BOARD OF DIRECTORS**

**FISKER INC.**
**(a Delaware corporation)**

**June 18, 2024**

The undersigned, being all of the members of the transaction committee (the "**Transaction Committee**") of the Board of Directors of Fisker Inc. (the "**Company**") formed by resolutions of the Board of Directors of the Company (the "**Board**") as of April 21, 2024 (the "**Transaction Committee Resolutions**"), in lieu of holding a meeting of the Transaction Committee, hereby takes the following actions and adopts the following resolutions by written consent as of the date first written above pursuant to the delegations and authority set forth in the Transaction Committee Resolutions:

WHEREAS, pursuant to the Transaction Committee Resolutions, the Board delegated to the Transaction Committee the power and authority to, among other things, review, evaluate, and approve a strategic transaction or series of transactions for the Company and its subsidiaries regarding the sale of the business and/or assets of the Company and its subsidiaries, including (a) a potential petition by the Company commencing a voluntary bankruptcy case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") or any other federal, state, or foreign bankruptcy, insolvency, receivership, or similar proceeding and (b) any financing or use of cash collateral in connection with such commenced proceeding (collectively, a "**Transaction**");

WHEREAS, the Transaction Committee has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available, and the impact of the foregoing on the Company's business;

WHEREAS, the Transaction Committee has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Transaction Committee has received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Company regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of Bankruptcy Code;

WHEREAS, in accordance with that certain forbearance agreement entered into by and among the Company, affiliates of the Company, and CVI Investments, Inc., dated April 21, 2024, the Company employed and appointed John C. DiDonato as Chief Restructuring Officer of the Company;

WHEREAS, the Transaction Committee has reviewed with the management and the legal and financial advisors of the Company the resolutions set forth below; and

WHEREAS, the Transaction Committee (a) has determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of, the Company and its stakeholders and, therefore, has (b) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

I. **Commencement of Chapter 11 Case**

NOW, THEREFORE, BE IT RESOLVED, that the Transaction Committee has determined, after due consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company and its stakeholders that the Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (a "**Chapter 11 Case**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, FURTHER, that each officer, including the Chief Restructuring Officer, director, and each member of the Transaction Committee (each, an "**Authorized Person**"), is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for Delaware (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Case, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Company, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, FURTHER, that the Company is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

II. **General Authorization and Ratification**

RESOLVED, that each Authorized Person shall be, and hereby is authorized, empowered, and directed, on behalf of and in the name of the Company, to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the obligations of the Company under the Bankruptcy Code and exercise all rights of the Company under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under

2

sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Transaction Committee, and the Company, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that the Transaction Committee has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any officer or director of or advisor to the Company prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Company in all respects and for all purposes; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

[*Signature Page Follows*]

3

IN WITNESS WHEREOF, the undersigned, has caused this written consent to be executed as of the date first set forth above.

_____
Name: John Dubel
Title: Director and Transaction Committee Chair

_____
Wendy Greuel (Jun 18, 2024 20:07 PDT)
Name: Wendy J. Greuel
Title: Director

_____
Nadine Watt (Jun 18, 2024 20:06 PDT)
Name: Nadine I. Watt
Title: Director

**Fill in this information to identify the case and this filing:**

Debtor Name __Fisker Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware___
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration __Consolidated Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/19/2024__          ✗ /s/  __John C. DiDonato_____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

__John C. DiDonato_____
Printed name

__Chief Restructuring Officer_____
Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**