| | |
|---|---|
| **Objection Deadline:** | **July 10, 2024, at 4:00 p.m. (E.T.)** |
| **Hearing Date:** | **July 16, 2024, at 11:00 a.m. (ET)** |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER, INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors. | (Jointly Administered) |

## THE GROVE, LLC'S LIMITED OBJECTION TO DEBTORS' MOTION TO REJECT LEASE

### I.     INTRODUCTION

The Grove, LLC, a Delaware limited liability company, registered in California as GFM, LLC ("**Creditor**" or "**Landlord**") is the ground lessee of real property on which it operates a retail center known as The Grove ("**Retail Center**").  Before it filed for bankruptcy protection, Debtor Fisker Group, Inc. ("**Debtor**" or "**Fisker**") had been leasing retail space within the Retail Center pursuant to a written lease with Landlord.  By way of its Motion of Debtors for Entry of an Order (I) Authorizing Debtors To Reject Certain Unexpired Leases of Nonresidential Real Property and (II) Authorizing and Establishing Procedures To Reject Executory Contracts and Unexpired Leases, Fisker now seeks to reject the lease.  However, as explained below Landlord had already terminated the lease pre-petition under California law.  Therefore, the Debtor has no lease or tenancy with Landlord to reject in this proceeding.

### II.     FACTUAL BACKGROUND

Fisker and Landlord entered into a Retail Center Lease Agreement on October 1, 2021, (the "**Lease**") for retail space located at 189 The Grove Drive, Spaces "G-7/8," Los Angeles, California 90036 (the "**Premises**").  Fisker's performance obligations under the Lease were

secured by a security deposit and Fisker waived all statutory limitations relating to the security

deposit, including those pursuant to California Code of Civil Procedure section 1950.7.  (Lease,

§18.13.)

Pursuant to Section 5.5 of the Lease, Fisker was required to pay for all work performed

and materials furnished to the Premises, including such work relating to Fisker's tenant

improvements.  Fisker was also obligated to keep the Premises or Retail Center free and clear

from all mechanic's liens and materialmen's liens.  If any such lien was filed, the Lease required

that Fisker immediately remove the encumbrance from the property.  (Lease, § 5.5, *et seq.*)

Failure to comply with these provisions after 30 days' written notice from Landlord constituted

an "Event of Default."  (Lease, § 18.1, *et seq.*)  Upon an Event of Default, Landlord's remedies

included the right to terminate the Lease and Fisker's right of possession and to recover

monetary damages. (Lease, § 18.2, *et seq.*)

Despite its obligations under the Lease, Fisker did not pay for all work performed and

materials furnished to the Premises.  In addition, at least two liens were recorded against the

Premises and Landlord's interest in the Retail Center: one by Artisan Glass & Design, Inc. and

one by PHL, Inc. dba VNSM in the aggregate amount of $344,185.91 (the "**Liens**").  Landlord

therefore sent a notice of default to Fisker on April 3, 2024, demanding Fisker take all steps to

remove the Liens as required by the Lease.  (A copy of Landlord's April 3, 2024, Notice of

Default is attached as **Exhibit 1** to the Declaration of Paul E. Van Hoomissen In Support of

Objection ["**Van Hoomissen Decl.**"], filed concurrently herewith.)  Fisker did not, in fact,

remove the encumbrances from the Premises or Landlord's interest in the Retail Center.

Therefore, after 30 days had elapsed, an Event of Default under the Lease was established

entitling Landlord to exercise its remedies including termination of the Lease.

When, after expiration of the 30-day cure period Fisker still had not cured the default, Landlord served Fisker, on May 18, 2024, with a Three (3) Day Notice to Perform Or Quit ("**NPQ**") pursuant to California Code of Civil Procedure section 1161(3), *et seq.* [California's Unlawful Detainer statutory scheme].  The NPQ required that Fisker either cure the default regarding the Liens or quit its possession of the Premises. (A copy of Landlord's NPQ is attached as **Exhibit 2** to the Van Hoomissen Decl.)  Fisker again did not cure the default.  As of May 23, but at the latest May 24, 2024, the Lease was terminated under operation of the Lease and California law.

In furtherance of its remedies, and for recovery of possession after Lease termination, Landlord filed an unlawful detainer action ("**UD**") on May 24, 2024. On or about the date that the UD was filed, Fisker turned over the keys to the leased premises and surrendered possession of the Premises.  On June 14, 2024, Landlord sent a letter to Fisker confirming its termination of the Lease and the application of the security deposit to Landlord's damages pursuant to California Code of Civil Procedure section 1951.2.  (A copy of Landlord's June 14, 2024, letter is attached as **Exhibit 3** to the Van Hoomissen Decl.)

## III.    LEGAL DISCUSSION

Sections 18.2 and 18.2.1 of the Lease permitted Landlord to terminate the Lease upon the occurrence of an "Event of Default."  As explained above, the Event of Default was established by Landlord issuing a notice of default to Fisker and Fisker's failure to timely cure.  Landlord therefore exercised its contractual and legal right to terminate Fisker's right to occupancy pursuant to the terms of the Lease and California Code of Civil Procedure section 1161(3) with service of the NPQ.  In furtherance of and after termination, and to obtain possession of the Premises, Landlord filed the UD action against Fisker.  Fisker then voluntarily turned over the keys to the premises and surrendered possession.

California Civil Code section 1951.2 provides that: "Except as otherwise provided in Section 1951.4, if a lessee of real property breaches the lease and abandons the property before the end of the term or if his right to possession is terminated by the lessor because of a breach of the lease, the lease terminates."  Fisker breached the Lease, its right to possession was terminated by the Landlord, and Fisker quit possession.  Therefore, under both the terms of the lease and California law, the lease was terminated pre-petition.  Upon termination, Landlord's right to recover damages under California Civil Code section 1951.2, subsections (2) and (3) immediately ripened.  These damages include an amount equal to unpaid rent from the date of termination through the end of the lease less only what Fisker can affirmatively prove could have been avoided.

Landlord reserves all rights with respect to any of the foregoing, all of its rights under the terminated Lease, including its right to pursue all monetary and other claims, as affected by any applicable Bankruptcy Code section, procedures or order of this Court, after notice and a right to be heard.

## IV.    CONCLUSION

The Lease was terminated pre-petition.  There are no grounds for including the Lease in the list of leases to be rejected by the Motion and the Motion should be denied to the limited extent it seeks to reject the Lease which was terminated before the bankruptcy cases were commenced.

Dated: July 10, 2024                    MUNGER TOLLES & OLSON LLP


                                        By:  _/s/ Thomas B. Walper_____
                                             Thomas B. Walper
                                             Thomas.walper@mto.com

                                        350 S. Grand Ave., Floor 50
                                        Los Angeles, CA  90071-3426
                                        Telephone:    (213) 683-9193
                                        Facsimile:    (213) 683-5193

                                        Attorneys for Landlord/Creditor
                                        The Grove, LLC, a Delaware limited liability
                                        company, registered in California as GFM,
                                        LLC