## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. 87** |

### ORDER APPROVING PROCEDURES FOR THE RETENTION AND COMPENSATION OF ORDINARY COURSE PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Fisker Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, approving procedures for the retention and compensation of Ordinary Course Professionals, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or Delaware file numbers, are as follows:  Fisker Inc. (0340); Fisker Group Inc. (3342); Fisker TN LLC (6212); Blue Current Holding LLC (6668); Platinum IPR LLC (4839); and Terra Energy Inc. (0739).  The address of the debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent set forth in this order (this "**Order**").

2. The Debtors are authorized, but not directed, in their sole discretion to employ the Ordinary Course Professionals listed on **Exhibit 1** attached hereto (the "**Ordinary Course Professionals List**"), *nunc pro tunc* to the Petition Date and to compensate such Ordinary Course Professionals pursuant to the terms and conditions set forth in **Exhibit 2** attached hereto (the "**OCP Compensation Procedures**").

3. To the extent that any agreement between the Debtors and an Ordinary Course Professional provides for the indemnification by the Debtors of such Ordinary Course Professional in connection with the services that are the subject of the Motion (each such agreement, an

"**Ordinary Course Professional Agreement**"), such indemnification provisions are approved

subject to the following modifications, applicable during the pendency of the Chapter 11 Cases:

(a) The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Ordinary Course Professional Agreement for services other than the services provided under the Ordinary Course Professional Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

(b) Notwithstanding anything to the contrary in the Ordinary Course Professional Agreement, the Debtors shall have no obligation to indemnify the Ordinary Course Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense that is either:  (i) judicially determined (the determination having become final no longer subject to appeal) to have arisen from the Ordinary Course Professional's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the Ordinary Course Professional's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the Ordinary Course Professional Agreement as modified by the Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) or (ii) the entry of an order closing the Chapter 11 Cases, the Ordinary Course Professional believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Ordinary Course Professional Agreement (as modified by this Order), including the advancement of defense costs, the Ordinary Course Professional must file an application therefor in the Court, and the Debtors may not pay any such amounts to the Ordinary Course Professional before the entry of an order by the Court approving the payment.  All parties in interest shall, including the Official Committee of Unsecured Creditors (the "**Committee**"), retain the right to object to any demand by the Ordinary Course Professional for indemnification, contribution, or reimbursement. In the event that the Ordinary Course Professional seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Ordinary Course Professional Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Ordinary Course Professional's own applications, both interim and final, but determined by the Court after notice and a hearing.

4.      The right of the Debtors or any other party in interest (including the Committee) to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order.

5.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.      This Order is without prejudice to the Debtors' right to request modification of the Monthly Cap (as defined in the OCP Compensation Procedures).

7.      Nothing in this Order shall preclude an Ordinary Course Professional from subsequently seeking retention as an estate professional under sections 327 or 328 of the Bankruptcy Code.

8.      Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

9.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

10.     If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the Ordinary Course Professional Declaration (as defined in as defined in the OCP Compensation Procedures). The Ordinary Course Professional may apply its prepetition retainer against any prepetition claim once its retention and employment is approved pursuant to the provisions of this Order.

11.     All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

12.     Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, basis for, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' or any other party in interest's right (including by the Committee) to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, (f) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order except as otherwise provided for in this Order, or (g) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.  The Committee expressly reserves all rights with respect to disputing or challenging the amount, priority, character, or validity of any claim against the Debtors on any grounds.

13.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

15.    The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

*Thomas M. Horan*

**Dated: July 29th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**