# Exhibit 2

# OCP Compensation Procedures

(a) Within 30 calendar days of the later of (i) the date of entry of an order granting the relief requested herein and (ii) the date on which the Ordinary Course Professional commences post-petition services for the Debtors, each Ordinary Course Professional shall provide the Debtors' attorneys with a declaration (the "**Ordinary Course Professional Declaration**"), in the form attached hereto as **Annex A**, certifying that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the Ordinary Course Professional is to be employed, and shall periodically update such Ordinary Course Professional Declaration to the extent necessary to reflect new facts or circumstances relevant to their retention.

(b) Upon receipt of each Ordinary Course Professional Declaration, the Debtors shall promptly file the same with the Court and serve it on the following parties (collectively, the "**Reviewing Parties**"):

    (i) the U.S. Trustee (Attn: Linda Richenderfer and Malcolm M. Bates);

    (ii) White & Case LLP, as counsel to CVI Investments, Inc. (c/o Heights Capital Management, Inc.); and

    (iii) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"), (A) Morrison & Foerster LLP, 250 West 55th Street, New York, New York 10019, Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Douglas Mannal (dmannal@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com), and Miranda K. Russell (mrussell@mofo.com); and (B) co-counsel to the Committee, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn: Justin R. Alberto (jalberto@coleschotz.com); and

    (iv) any other official committee appointed in the Chapter 11 Cases.

(c) The Reviewing Parties shall then have 14 days following such service (the "**Objection Deadline**") to notify the Debtors, the Debtors' attorneys, the other Reviewing Parties, and the applicable Ordinary Course Professional in writing of any objection to the retention stemming from the contents of the Ordinary Course Professional Declaration.  The Debtors may extend the Objection Deadline as to any Reviewing Party without further order of the Court.

(d) If no objections are received by the Debtors by the Objection Deadline in accordance with paragraph (c) above, retention of the Ordinary Course Professional shall be deemed approved and effective as of the later of the Petition Date or the date the Ordinary Course Professional commenced postpetition work.

(e) If an objection is asserted by a Reviewing Party in accordance with paragraph (c) above and such objection is not resolved within 14 days of the Objection Deadline (the "**Resolution Deadline**"), the Debtors shall schedule the matter for a hearing before the Court to be held on the next regularly scheduled hearing date that is at least 14 days from the Resolution Deadline, or such other date that may be agreeable to the applicable Ordinary Course Professional, the Debtors, and the objecting Reviewing Party.  No Ordinary Course Professional shall be paid any amounts for invoiced fees or expense reimbursement until the Ordinary Course Professional

Declaration has been filed with the Court and (i) the Objection Deadline has passed with no objection asserted in accordance with paragraph (c) above or (ii) if an objection is asserted in accordance with paragraph (c) above, until such objection is resolved or upon order of the Court.

(f)     Provided that the Ordinary Course Professional's retention has been approved in accordance with the above procedures, the Debtors shall be permitted to pay each Ordinary Course Professional, without further application to the Court and upon the submission to, and approval by, the Debtors of appropriate invoices setting forth in reasonable detail the nature of the services rendered and disbursements incurred, 100% of the post-petition fees and disbursements incurred, up to $110,000.00 per month on average over a rolling three-month period for Graf Isola (the "**Graf Isola Monthly Cap**") and up to $50,000.00 per month on average over a rolling three-month period per Ordinary Course Professional for any other Ordinary Course Professional (together with the Graf Isola Monthly Cap, the "**Monthly Cap**").  The Debtors may increase the applicable Monthly Cap for any Ordinary Course Professional with the consent (email is sufficient) of the Reviewing Parties.  Absent consent, the Debtors shall file a motion seeking Court authority to increase the applicable Monthly Cap.

(g)     In the event that an Ordinary Course Professional's fees and expenses exceed the applicable Monthly Cap for any month during these Chapter 11 Cases, but the Debtors believe the Ordinary Course Professional should not otherwise be required to follow the payment procedure applicable to the formally retained professionals, the Debtors may seek the agreement of the Reviewing Parties to a higher cap for any such Ordinary Course Professional. If the Debtors are able to obtain such agreement of the Reviewing Parties, the agreement would be evidenced by the filing of a notice of increased Monthly Cap (the "**Cap Increase Notice**"), and the increased Monthly Cap shall be deemed approved upon the filing of such Cap Increase Notice, without further action by this Court.  Absent such an agreement of the Reviewing Parties, if the applicable Monthly Cap is exceeded, such Ordinary Course Professional must file a fee application (a "**Fee Application**") and apply for allowance of the full amount of its compensation and reimbursement for the applicable time period in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and, subject to the OCP Compensation Procedures, any other procedures and orders of this Court.  The U.S. Trustee reserves the right to request that any Ordinary Course Professional that is regularly exceeding the applicable Monthly Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code.  Any such Ordinary Course Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**U.S. Trustee's Large Case Fee Guidelines**"), in connection with such Fee Application and/or retention application.

(h)     If any Ordinary Course Professional exceeds the applicable caps set forth in Paragraph (f) above, by more than $10,000 during any three month period more than twice, then such Ordinary Course Professional must be retained by the Debtors pursuant to a separate retention application and will subsequently file fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and, as to any Ordinary Course Professional that is a law firm, such Ordinary Course Professional shall make a reasonable effort to comply with the U.S. Trustee's Large Case Fee

Guidelines, both in connection with its retention application and its interim and final fee applications to be filed in the Chapter 11 Cases.

(i) Unless a chapter 11 plan has been confirmed, at three-month intervals during the pendency of the Chapter 11 Cases (each, a "**Quarter**"), beginning with the three-month interval which commences on the Petition Date, the Debtors shall file with the Court and serve on the Reviewing Parties, no later than 30 days after the end of such Quarter, a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter; (iii) all post-petition payments made to that Ordinary Course Professional through the reported Quarter; and (iv) a general description of the services rendered by that Ordinary Course Professional. The initial Ordinary Course Professional statement shall cover the period beginning on the Petition Date and ending on July 16, 2024, and shall be filed no later than August 16, 2024.

(j) The Debtors reserve the right to retain additional Ordinary Course Professionals from time to time during the Chapter 11 Cases; *provided*, that such Ordinary Course Professionals comply with these procedures.

(k) If the Debtors seek to retain an Ordinary Course Professional not already listed on the Ordinary Course Professionals List during the Chapter 11 Cases, the Debtors will file with the Court and serve upon the Reviewing Parties a notice listing those Ordinary Course Professionals to be added to the Ordinary Course Professionals List (the "**Supplemental Notice of Ordinary Course Professionals**"), along with the attendant Ordinary Course Professional Declaration. Any Ordinary Course Professionals retained pursuant to the Supplemental Notice of Ordinary Course Professionals shall be subject to the terms and conditions set forth herein.

**<u>Annex A</u>**

**Ordinary Course Professional Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FISKER INC., *et al.*,<br><br>Debtors.<sup>1</sup> | Chapter 11<br><br>Case No. 24-11390 (TMH)<br><br>(Jointly Administered)<br><br>**Re: Docket No. ___** |

**DECLARATION OF DISINTERESTEDNESS OF**
_____

**IN SUPPORT OF EMPLOYMENT OF**
_____

**AS A PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

_____, declares and says:

1. I am a [_____] of _____, located at _____ (the "**Firm**").

2. Fisker Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), have requested that the Firm provide [INSERT BRIEF DESCRIPTION OF SERVICES – E.G., ACCOUNTING] to the Debtors, and the Firm has consented to provide those services. The Firm [is / is not] a legal services firm. [If the Firm is a legal services firm, please state the area of law.]

---

<sup>1</sup> The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or Delaware file numbers, are as follows: Fisker Inc. (0340); Fisker Group Inc. (3342); Fisker TN LLC (6212); Blue Current Holding LLC (6668); Platinum IPR LLC (4839); and Terra Energy Inc. (0739). The address of the debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

3.        Pursuant to rule 2014 of the Federal Rules of Bankruptcy Procedure, the Firm hereby confirms that, to the best of its knowledge and belief, the Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the Chapter 11 Cases, for persons that are claimants or other parties in interest in the Chapter 11 Cases.  The Firm does not perform services for any such person in connection with the Chapter 11 Cases.  The Firm [has / has not] provided services to the Debtors prior to June 17 and June 19, 2024 (the "**Petition Date**").  Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "**Interested Parties List**") from counsel to the Debtors which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the Chapter 11 Cases (the "**Interested Parties**") and undertook a search for any connections between the Firm and the Interested Parties.  [IF CONNECTIONS: The Firm's review of such Interested Parties identified connections with the following Interested Parties, including current and prior representations: _____ [INSERT DESCRIPTION]].  [IF NO CONNECTIONS: The Firm's review of such Interested Parties did not identify connections with any Interested Parties, including current and prior representations.]

4.        Neither I nor [any partner or associate of the Firm], insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Firm is to be employed.  [For all Firms other than legal services firms that represented the Debtors pre-petition:] The Firm is a "disinterested person" as that term is defined in section 101(14) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

5. Neither I nor [any partner or associate of the Firm] has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than partners and associates of the Firm.

6. The Debtors owe the Firm $_____ for prepetition services, the payment of which is subject to the limitations contained in the Bankruptcy Code.  [FOR LEGAL SERVICES FIRMS: The Firm understands that it must file a proof of claim for such fees and expenses unless the amount thereof is properly listed in the Debtors' schedules of liabilities and is not designated therein as contingent, unliquidated, or disputed.]  [FOR NON-LEGAL FIRMS:  The Firm has waived or will waive any prepetition claim against the Debtors' estates.]

7. As of the Petition Date, the Firm held a prepetition retainer of $[_____].

8. The Firm [does / does not] keep time records in one-tenth of an hour increments in the ordinary course of business.  [IF THE FIRM DOES NOT KEEP TIME IN ONE-TENTH OF AN HOUR INCREMENTS, PLEASE EXPLAIN HOW TIME RECORDS ARE KEPT.]  As of the Petition Date, the Firm [was / was not] party to an agreement for indemnification with certain of the Debtors.  [Such agreement is attached hereto as **Exhibit 1**.]

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors and, upon conclusion of that inquiry or at any time during the period of its employment, if the Firm should discover any facts bearing on the matter described herein, the Firm will supplement the information contained in this declaration.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on _____, 2024.

_____
[Name]

[**Exhibit 1**]
[Indemnification Agreement]