## **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. __** |

**ORDER (I) APPROVING (A) THE DISCLOSURE STATEMENT ON AN INTERIM BASIS, (B) THE SOLICITATION AND TABULATION PROCEDURES, AND (C) THE FORMS OF BALLOT, SOLICITATION PACKAGE, AND NOTICES, (II) ESTABLISHING CERTAIN DATES AND DEADLINES IN CONNECTION WITH THE SOLICITATION AND CONFIRMATION OF THE PLAN, (III) SCHEDULING A JOINT HEARING FOR FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Fisker Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3016, 3017, 3018, and 3020, and Local Rule 3017-2, (a) approving the Disclosure Statement on an interim basis, (b) approving the Solicitation and Tabulation Procedures attached hereto as **Exhibit 1**, (c) approving the Voting Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, and the manner of notice, service, and publication thereof, (d) approving the Ballots, substantially in the form attached hereto as **Exhibit 3**, (e) finding that the Solicitation Packages comply with Bankruptcy Rules 2002(b),

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or Delaware file numbers, are as follows: Fisker Inc. (0340); Fisker Group Inc. (3342); Fisker TN LLC (6212); Blue Current Holding LLC (6668); Platinum IPR LLC (4839); and Terra Energy Inc. (0739).  The address of the debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3017(d), and 3018 and Local Rule 3017-2, (f) approving the Non-Voting Combined Notice, substantially in the form attached hereto as **Exhibit 4**, and the manner of notice and service thereof, and (g) approving  the Plan Confirmation Schedule (including the scheduling of the Joint Hearing), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

1.      The form of Ballots attached hereto as **Exhibit 3** (a) are consistent with Official Form Number 314, (b) adequately address the particular needs of the Chapter 11 Cases, (c) are appropriate for the Voting Classes, and (d) comply with Bankruptcy Rule 3017(d) and Local Rule 3017-2(d).

2.      A Ballot need not be provided to holders of Claims or Interests in the Non-Voting Classes, as such Classes will be either (a) Unimpaired and will be conclusively deemed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code or (b) Impaired but will neither retain nor receive any property under the Plan and, thus, will be conclusively presumed to reject the Plan under section 1126(g) of the Bankruptcy Code.

3.      The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Holders in the Voting Class to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

4.      The Solicitation and Tabulation Procedures attached hereto as **Exhibit 1** and incorporated herein by reference, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and Local Rule 3017-2.

5.      The (a)(i) form of Voting Hearing Notice attached hereto as **Exhibit 2**, (ii) the contents of the Solicitation Packages (including the Ballots), and (iii) the Non-Voting Combined Notice attached hereto as **Exhibit 4** (including, in each case, the Plan's injunction, release, and exculpation provisions contained or otherwise summarized therein) and (b) the manner of notice, service, and publication (as applicable) thereof, (y) comply with Bankruptcy Rules 2002, 3016, and 3017 and Local Rule 3017-2 and (z) under the circumstances, constitute sufficient notice to

3

all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

6.      The Motion is granted to the extent set forth in this order (this "**Order**").

7.      The Disclosure Statement is approved on an interim basis as containing adequate information, in compliance with section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2, and subject to final approval of the Court at the Joint Hearing.

8.      The Court will conduct a Joint Hearing on October 9, 2024, at 10:00 a.m. (prevailing Eastern Time) to consider, among other things, the approval of the Disclosure Statement on a final basis and confirmation of the Plan.  The Joint Hearing may be adjourned or continued from time to time by the Court or the Debtors by (a) announcing such adjournment or continuance in open court or (b) filing a notice on the Court's docket and posting such notice on the Case Information Website.

9.      Pursuant to Bankruptcy Rule 3017(c) and Local Rule 3017-2(c), September 11, 2024 shall be the record date for purposes of determining which Holders are entitled to receive Solicitation Packages and vote on the Plan (the "**Voting Record Date**").  With respect to any transferred Claim, the transferee shall only be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

10.     If the Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the Holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

11.     The amount of each Secured Notes Claim for voting purposes shall be the principal amount held by each Secured Notes Claimant (or its transferee) as of the Voting Record Date, subject to the Solicitation and Tabulation Procedures.

12.     The Secured Noteholder shall have the right to withdraw its vote with respect to any Secured Notes Claim in accordance with the terms of the Settlement Term Sheet and Article VI.H of the Plan.

13.     In order to be counted as votes to accept or reject the Plan, all Ballots being cast must be properly executed, completed, and delivered in accordance with the Solicitation and Tabulation Procedures, so that the Ballots are actually received by the Claims and Solicitation Agent no later than October 7, 2024, at 12:00 p.m. (prevailing Eastern Time) (the "**Voting Deadline**"), which deadline may be extended in accordance with the Solicitation and Tabulation Procedures.

14.     Objections to final approval of the Disclosure Statement or the confirmation of the Plan, if any, must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and this Order (c) state, with specificity, the legal and factual bases thereof, (d) be filed with the Court no later than October 4, 2024, at 4:00 p.m. (prevailing Eastern Time) (the "**Combined DS and Plan Objection Deadline**"), and (e) be served on (i) counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn:  Brian M. Resnick, Darren S. Klein, Richard J. Steinberg, and

Amber Leary, and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware 19801, Attn:  Robert J. Dehney, Sr. and Andrew R. Remming, (ii) counsel to the Secured Noteholder, (A) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095, Attn: Scott Greissman and Elizabeth Feld and (B) Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE 19801-3062, Attn: Richard M. Beck and Alyssa M. Radovanovich, (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn:    Linda Richenderfer (linda.richenderfer@usdoj.gov) and Malcolm M. Bates (malcolm.m.bates@usdoj.gov), and (iv) counsel to the Official Committee of Unsecured Creditors, (A) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi, Doug Mannal, and Benjamin Butterfield, and (B) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto and Patrick J. Reilley (collectively, the "**Objection Service Parties**").

15.     Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or this Order to the contrary, the Solicitation and Tabulation Procedures attached hereto as **Exhibit 1** are approved in their entirety on a final basis.

16.     The Voting Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, is approved on a final basis.  The Joint Hearing Notice shall be filed by the Debtors and served upon the Combined Hearing Notice Parties as soon as reasonably practical after entry of the Solicitation Order.  To the extent that a Combined Hearing Notice Party submitted a notice of appearance in the Chapter 11 Cases, or the Debtors have email addresses for them, the Debtors are authorized to serve the Joint Hearing Notice on such party through ECF or email, as applicable. The Debtors shall also publish a version of the Combined Hearing Notice on the Debtors' case information website as soon as reasonably practical after entry of this Order.

17.     The Solicitation Packages, including the form of Ballots attached hereto as **Exhibit 3**, and the manner of notice and service thereof set forth in the Solicitation and Tabulation Procedures, are approved on a final basis.

18.     The Non-Voting Combined Notice (including the Opt-Out Form), substantially in the form attached hereto as **Exhibit 4**, and the manner of notice and service thereof set forth in the Solicitation and Tabulation Procedures, are approved on a final basis.

19.     Any requirement to serve a Non-Voting Combined Notice or any other type of notice in connection with the Plan upon Holders of Claims or Interests in Class 5 (Intercompany Claims) or Class 7 (Intercompany Interests) is hereby waived.

20.     The Debtors and the Claims and Solicitation Agent are not required to conduct any additional research for updated mailing addresses or email addresses based on undeliverable notices (including Ballots) sent in connection herewith.

21.     The Debtors are authorized to make non-substantive or immaterial changes to the Combined DS and Plan, the Solicitation Package, the Non-Voting Combined Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Combined DS and Plan and related documents when, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation or confirmation process.  Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order and the Solicitation and Tabulation Procedures without further order of the Court.  Any other changes to the Combined DS and Plan shall be subject to the terms thereof (including Article XIII.F thereof).

22.     Absent an express indication to the contrary, any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

23.     This Order shall be binding on the Debtors, including any chapter 11 (but not chapter 7) trustee or other fiduciary appointed for the estates of the Debtors.

24.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

25.     The Debtors and the Claims and Solicitation Agent are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

26.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including the interpretation of the Combined DS and Plan, and all other matters related to the Plan and confirmation thereof.

## **Exhibit 1**

**Solicitation and Tabulation Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH]) |
| Debtors.[1] | (Jointly Administered) |

## SOLICITATION AND TABULATION PROCEDURES

**TAKE NOTICE OF THE FOLLOWING:**

On June 17 and 19, 2024, each of the debtors and debtors in possession listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under case number 24-11390 (TMH) (the "**Chapter 11 Cases**").

On [●], 2024, the Court entered an order [D.I. [●]] (the "**Solicitation Order**")[2] that, among other things, (a) approved on an interim basis the Disclosure Statement contained in the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* (as it may be amended, modified, or supplemented from time to time in accordance with the terms thereof (including all appendices, exhibits, schedules, and supplements (including any Plan Supplements) thereto), the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable), as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan, (b) approved these Solicitation and Tabulation Procedures on a final basis and authorized the Debtors to solicit votes to accept or reject the Plan in accordance with such procedures, (c) approved the forms of Ballots, Solicitation Package, and other related notices, (d) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (e) scheduled a Joint Hearing for the approval of the Disclosure Statement on a final basis and the confirmation of the Plan.

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or Delaware file numbers, are as follows:  Fisker Inc. (0340); Fisker Group Inc. (3342); Fisker TN LLC (6212); Blue Current Holding LLC (6668); Platinum IPR LLC (4839); and Terra Energy Inc. (0739).  The address of the debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Order or the Combined DS and Plan, as applicable.  Copies of those documents and additional information about the Chapter 11 Cases can be accessed free of charge on the Case Information Website (https://www.veritaglobal.net/fisker).

## A.    Voting Record Date

The "**Voting Record Date**," which is the record date for purposes of determining which Holders are entitled to receive Solicitation Packages and vote on the Plan, is **September 11, 2024**. Accordingly, only those Holders who held their Claims on the Voting Record Date shall be entitled to receive Solicitation Packages and vote on the Plan.  With respect to any transferred Claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including the passage of any applicable objection period) or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (b) a sworn statement of the transferor supporting the validity of the transfer.

## B.    Voting Deadline

In order to be counted as votes to accept or reject the Plan, all Ballots being cast must be properly executed, completed, and delivered in accordance with the Solicitation and Tabulation Procedures (and as set forth on the Ballot), so that the Ballots are <u>actually received</u> by the Claims and Solicitation Agent no later than **October 7, 2024, at 12:00 p.m. (ET) (prevailing Eastern Time)** (the "**Voting Deadline**").  The Debtors may extend the Voting Deadline in their sole discretion, including for only some Holders, without further order of the Court.  ***Any Ballot delivered in an incomplete manner, after the Voting Deadline, or in a manner not expressly provided for on the Ballot may not be counted unless the Debtors waive any such defects or irregularities.***

## C.    Form, Content, and Manner of Notices

### i.    Classes

As further set forth in the Combined DS and Plan, there are eight Classes:

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 3 | Secured Notes Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| 6 | Equity Interests | Impaired | Not Entitled to Vote<br>(Deemed to Reject) |
| 7 | [Intercompany Interests | Impaired | Not Entitled to Vote<br>(Deemed to Reject)] |

The amount of each Secured Notes Claim for voting purposes will be the principal amount held by each Secured Notes Claim (or its transferee) as of the Voting Record Date, subject to these Solicitation and Tabulation Procedures.

ii.     *Materials for the Voting Classes*

As soon as reasonably practical after entry of the Solicitation Order, the Debtors or the Claims and Solicitation Agent will send to each holder of a Claim in the Voting Classes a Solicitation Package via email (recipients for whom the Debtors do not have an email address may receive their Solicitation Packages by first-class mail, including in electronic format (*e.g.*, flash drive)).  The Solicitation Package will include copies of the Voting Combined Hearing Notice, the applicable Ballot, and any other documents and materials as the Court may direct or the Debtors may deem appropriate.

iii.     *Materials for Non-Voting Classes*

As soon as reasonably practical after entry of the Solicitation Order, the Debtors or the Claims and Solicitation Agent will send to each holder of a Claim or interest in a Non-Voting Class a Non-Voting Combined Notice via email (recipients for whom the Debtors do not have an email address may receive their notices by first-class mail, including in electronic format (*e.g.*, flash drive)).

**D.     Voting Tabulation**

The following tabulation procedures shall be used by the Debtors and the Claims and Solicitation Agent with respect to votes on the Plan and the tracking of Opt-Out Forms (the "**Tabulation Procedures**"), subject to the Debtors' right to waive (in their sole discretion, but subject to applicable law (including any order of the Court)) any of the Tabulation Procedures:

(i)     If a Claim is deemed allowed under the Plan, an order of the Court, or a stipulated agreement between the parties, such Claim shall be temporarily allowed solely for voting purposes in the deemed allowed amount set forth therein.

(ii)     If a General Unsecured Claim for which no Proof of Claim has been timely and properly filed, and is listed on the Schedules as contingent, unliquidated, or disputed, such Claim may be disallowed for voting purposes.

(iii)    If a Claim for which a Proof of Claim has been timely and properly filed for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the Proof of Claim or after a reasonable review of the supporting documentation by the Debtors or the Claims and Solicitation Agent), such Claim may be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00. Holders of Proofs of Claim filed for $0.00 are not entitled to vote.

(iv)    Each Claim asserted in currency other than U.S. dollars shall be automatically deemed converted to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Petition Date.

(v)    If the Debtors or other party in interest have commenced an adversary proceeding, or served an objection or request for estimation as to a Claim at least ten calendar days before the Voting Deadline (such Claim, a "**Disputed Claim**"), such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection or any order of the Court in connection with such objection that does not sustain it in its entirety.

(vi)    If the Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

(vii)    If a holder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the Claim may be temporarily allowed for voting purposes in the lesser amount.

(viii)    Any holder who has filed or purchased duplicate Claims within the Voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claim.

(ix)    If a Proof of Claim has been amended by a later Proof of Claim that is timely and properly filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

(x)    In the event that a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the transferor of such Claim as of the Voting Record Date.

4

(xi)   Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim shall be (a) treated as a single Holder for purposes of the numerosity requirements under section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (b) required to vote every portion of such Claim collectively to accept or reject the Plan.

(xii)   In the event that a Ballot, a group of Ballots within the Voting Class received from a single holder, or a group of Ballots received from the various holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballot or group of Ballots may not be counted.

(xiii)   A vote related to a Claim that has been paid or otherwise satisfied in part shall only be counted for the amount that remains unpaid or not satisfied.  A vote related to a Claim that has been paid or otherwise satisfied in its entirety may not be counted.

(xiv)   For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, absent the consent of the Debtors (in their sole discretion), separate Claims held by a single creditor in a particular Class shall be aggregated as if such holder held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.  Similarly, holders may not split their vote within a Class; thus, (a) each holder shall be required to vote all of its Claims within the Class either to accept or reject the Plan and (b) Ballots submitted that purport to split a holder's votes respecting certain Claims may not be counted.

(xv)   A holder of a Claim that may be asserted against multiple Debtors must vote all such Claims the same way; thus, (a) each holder shall be required to vote all of its Claims (regardless of the Debtors against which it holds its Claims) either to accept or reject the Plan and (b) Ballots submitted that purport to vote one way with respect to one Debtor and vote another way with respect to another Debtor may not be counted.

(xvi)   Ballots or Opt-Out Forms that are only sent directly to the Debtors or any of their advisors (other than the Claims and Solicitation Agent) or to any advisors of the Committee may not be counted.

(xvii)   Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline may not be counted, absent the consent of the Debtors (in their sole discretion).

(xviii)   Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, may not be counted.

(xix)   Any Ballot or Opt-Out Form that is illegible or does not contain sufficient information to identify the Holder may not be counted.

(xx)   Any Ballot cast by a Person or other Entity that does not hold a Claim that is entitled to vote on the Plan may not be counted.

(xxi)   Any Ballot or Opt-Out Form that is returned but is unsigned or does not contain an original signature may not be counted, even if such Ballot or Opt-Out Form is otherwise

5

complete. For the avoidance of doubt, Ballots and Opt-Out Forms submitted electronically in accordance with the instructions set forth thereon shall be deemed to be executed with an original signature.

(xxii)   Each Holder shall be deemed to have voted the full amount of its Claim as set forth on the Ballot.

(xxiii)  If a Holder casts more than one Ballot regarding the same Claim prior to the Voting Deadline, only the latest-dated, properly completed, and otherwise valid Ballot timely received shall be deemed to reflect the holder's intent and, thus, shall supersede any prior Ballots.

(xxiv)   If a holder casts simultaneous duplicative Ballots that are inconsistent, such Ballots may not be counted.

(xxv)    Ballots or Opt-Out Forms delivered by email, facsimile, or any other electronic means may not be counted; *provided, however*, that Ballots or Opt-Out Forms submitted through the Claims and Solicitation Agent's electronic portal shall be counted.

(xxvi)   The method of delivery of a holder's Ballot(s) or Opt-Out Form(s) to the Claims and Solicitation Agent is at the risk of each holder, and such delivery shall be deemed made only when each Ballot or Opt-Out Form is actually received by the Claims and Solicitation Agent.

(xxvii)  If a Ballot or Opt-Out Form is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a holder, such person shall be required to indicate such capacity when signing and, at the Debtors' and Claims and Solicitation Agent's discretion, must submit proper evidence satisfactory to the Claims and Solicitation Agent to so act on behalf of the holder.

(xxviii) Ballots submitted in violation herewith may not be counted.

(xxix)   Neither the Debtors nor any other Person or Entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots or Opt-Out Forms, nor shall any of them incur any liabilities for failure to provide such notification, though they are authorized (but not directed) to do so.

(xxx)    The Debtors may waive any defects or irregularities as to any particular Ballot at any time and any such waivers shall be documented in a voting report filed with the Court.

(xxxi)   Absent the consent of the Debtors (in their sole discretion) or an order of the Court, any defects or irregularities in connection with deliveries of Ballots or Opt-Out Forms must be cured by the Voting Deadline or within such time as the Court determines, and unless consented by the Debtors (in their sole discretion) or otherwise ordered by the Court, delivery of such Ballots or Opt-Out Forms may not be deemed to have been made until such irregularities have been cured or waived.

(xxxii)    Absent the consent of the Debtors (in their sole discretion), any holder who has delivered a valid Ballot voting on the Plan may withdraw or modify such vote solely in accordance with Bankruptcy Rule 3018(a); *provided*, that the Secured Noteholder shall have the right to withdraw its vote with respect to any Secured Notes Claim in accordance with the terms of the Settlement Term Sheet and Article VI.H of the Plan.

(xxxiii)    If no votes to accept or reject the Plan are received with respect to the Voting Class (other than any Class that is deemed eliminated under the Plan), such Class shall be deemed to have voted to accept the Plan.

(xxxiv)    Any Class of Claims or Interests that does not have a holder of an Allowed Claim or Allowed Interest (even if only deemed temporarily Allowed pursuant hereto) may be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

(xxxv)    Votes may be tabulated on a Debtor-by-Debtor basis.

*Additional Voting and Tabulation Procedures*

In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Beneficial Holders of Class 4 2026 Notes Claim holders who hold and will vote their position through a Nominee:

(i)    the Solicitation Agent shall distribute or cause to be distributed through the applicable Nominees (i) Solicitation Packages for each Beneficial Holder of Class 4 2026 Notes Claims as of the Voting Record Date represented by a Nominee, which will contain, among other things, a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a Master Ballot for the Nominee;

(ii)    any Nominee that is a holder of record with respect to Class 4 2026 Notes Claims shall vote on behalf of, or facilitate voting by, Beneficial Holders of such Claims, as applicable, either by (i)(A) immediately, and in any event within three (3) Business Days after its receipt of the Solicitation Packages, distributing the Solicitation Packages, including the Beneficial Holder Ballots, it receives from the Claims and Noticing Agent to all such Beneficial Holders,[3] (B) providing such Beneficial Holders with a return address to send the completed Beneficial Holder Ballots, (C) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot, and (D) transmitting the Master Ballot to the Solicitation Agent so that it is received no later than the Voting Deadline;

---

[3]    Solicitation Packages may be sent in paper format or via electronic transmission in accordance with the customary requirements of each Nominee. Each Nominee will then distribute the Solicitation Packages, as appropriate, in accordance with their customary practices and obtain votes to accept or to reject the Plan also in accordance with their customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the Beneficial Holders for the purpose of recording the Beneficial Holder's vote, the Nominee will be authorized to send the voting instruction form in lieu of, or in addition to, a Beneficial Holder Ballot.

(iii)    the applicable indenture trustee will not be entitled to vote on behalf of a Beneficial Holder; rather, each Beneficial Holder must vote his or her own Class 4 2026 Notes Claims according to instructions received from its Nominee;

(iv)    any Ballot returned to a Nominee by a Beneficial Holder, whether in a Beneficial Holder Ballot or otherwise according to the Nominee's instructions, shall not be counted for purposes of accepting or rejecting the Plan until such Nominee properly completes and delivers to the Solicitation Agent a Master Ballot that reflects the vote of such Beneficial Holders so that it is received no later than the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Claims and Noticing Agent.  Nominees shall retain all Beneficial Holder Ballots returned by Beneficial Holders for a period of two (2) years following the closing of these Chapter 11 Cases;

(v)    if a Beneficial Holder holds Class 4 2026 Notes Claims through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each block of Class 4 2026 Notes Claims that it holds through any Nominee and must return each such Beneficial Holder Ballot to the appropriate Nominee;

(vi)    votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in the Voting Class as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained from the DTC.  Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date. Votes cast on account of Class 4 2026 Notes Claims will be tabulated in the same manner with respect to each applicable Debtor;

(vii)    Master Ballots may be submitted via (i) e-mail at FiskerBallots@veritaglobal.com (preferred method of delivery) or (ii) first class mail, overnight courier, and hand delivery to Fisker Ballot Processing Center, c/o Verita Global 222 N. Pacific Coast Highway, Suite 300 El Segundo, CA 90245;

(viii)    if conflicting votes or "over votes" are submitted by a Nominee pursuant to a Master Ballot, the Claims and Noticing Agent will use reasonable efforts to reconcile discrepancies with the Nominees.  If over votes on a Master Ballot are not reconciled before the preparation of the voting report tabulating votes on the Plan, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over vote, but only to the extent of the Nominee's position in Class 4 2026 Notes Claims;

(ix)    to assist in the solicitation process, the Claims and Noticing Agent may, but is not required to, contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; provided that the Claims and Noticing Agent is not obligated to do so and neither the Debtors nor the Claims and Noticing Agent will suffer any liability for failure to notify parties of such deficiencies;

(x)     for purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Class 4 2026 Notes Claims, although any principal amounts may be adjusted by the Claims and Noticing Agent to reflect the amount of the Claim actually voted, including prepetition interest;

(xi)    a single Nominee may complete and deliver to the Claims and Noticing Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest received valid Master Ballot received before the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial Holder submits more than one Ballot to its Nominee, (i) the latest received Beneficial Holder Ballot received before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder, and (ii) the Nominee shall complete the Master Ballot accordingly;

(xii)   Nominees, or their agents, may forward Solicitation Packages (or a summary thereof) to their Beneficial Holder clients by e-mail or other customary means of communication, including an online electronic link to solicitation materials, in addition to (or in lieu of) mailing a Solicitation Package and/or Beneficial Holder Ballot;

(xiii)  Nominees, or their agents, may collect votes from their Beneficial Holder clients by e-mail or other customary means of communication, in addition to (or in lieu of) collecting a Beneficial Holder Ballot; and

(xiv)   No fees or commissions or other remuneration will be payable to any Nominee, broker, dealer, or other person for soliciting Beneficial Holder Ballots with respect to the Plan.

## E.   Amendment to the Combined DS and Plan, the Exhibits to the Solicitation Order, and the Solicitation and Tabulation Procedures

The Debtors may, without further order of the Court, make non-substantive or immaterial changes to the Combined DS and Plan, the Solicitation Package, the Notice of Non-Voting Status, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Combined DS and Plan and related documents when, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation or confirmation process.  Any other changes to the Combined DS and Plan shall be subject to Article XIII.F thereof.

**<u>Exhibit 2</u>**

**Voting Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors. | (Jointly Administered) |

### NOTICE OF PLAN CONFIRMATION, VOTING, AND OBJECTION DEADLINES

**TO THE HOLDERS OF CLASS 3 AND CLASS 4 CLAIMS:**

On [●], 2024, the Court entered an order [D.I. [●]] (the "**Solicitation Order**")[1] that, among other things, (a) approved on an interim basis the Disclosure Statement contained in the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* (the "**Combined DS and Plan**"), as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan, (b) approved the Solicitation and Tabulation Procedures on a final basis and authorized the Debtors to solicit votes to accept or reject the Plan in accordance with such procedures, (c) approved the forms of Ballot, Solicitation Package, and other related notices, (d) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (e) scheduled a Joint Hearing for the approval of the Disclosure Statement on a final basis and the confirmation of the Plan.

### Voting on the Plan

You have been identified as a holder of a Claim in either Class 3 (Secured Notes Claims) or Class 4 (General Unsecured Claims) as of the September 11, 2024, and are entitled to vote on the Plan. Included with this notice is a copy of your Ballot.

In order to be counted as a vote to accept or reject the Plan, you Ballot must be properly executed, completed, and delivered in accordance with the Solicitation and Tabulation Procedures (and as set forth on the Ballot), so that the Ballot is <u>actually received</u> by the Claims and Solicitation Agent no later than **October 7, 2024, at 12:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). *Any Ballot delivered in an incomplete manner, after the Voting Deadline, or in a manner not expressly provided for on the Ballot may not be counted unless the Debtors waive any such defects or irregularities.*

### Objections to Plan Confirmation and Final Approval of Disclosure Statement

The Court has established **October 4, 2024, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing and serving objections to the final approval of the Disclosure Statement and confirmation of the Plan (the "**Combined DS and Plan Objection Deadline**"). Any objection to the Plan must be filed with the Court in accordance with the Solicitation and Tabulation Procedures and be served on (i) the undersigned counsel to the Debtors, (ii) counsel to the Secured Noteholder, (A) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095, Attn: Scott Greissman and Elizabeth Feld, and (B) Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE 19801-3062, Attn: Richard M. Beck and Alyssa M. Radovanovich, (iii) the U.S. Trustee J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Order or the Combined DS and Plan, as applicable.

Wilmington, DE 19801, Attn: Linda Richenderfer (linda.richenderfer@usdoj.gov) and Malcolm M. Bates (malcolm.m.bates@usdoj.gov), and, (iv) counsel to the Official Committee of Unsecured Creditors, (A) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi, Doug Mannal, and Benjamin Butterfield, and (B) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto and Patrick J. Reilley.

### Joint Hearing

A Joint Hearing on the final approval of the Disclosure Statement and the confirmation of the Plan will commence on **October 9, 2024, at 10:00 a.m. (prevailing Eastern Time**) in the Court before the Honorable Thomas M. Horan, at 824 N. Market Street, #500, Wilmington, DE 19801.[2]

### Access to Documents

If you have any questions about this notice or any documents or materials that you received, or if you need a Solicitation Package or Opt-Out Form, either in electronic or print form, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (888) 926-3479 (toll-free in the U.S. and Canada) or (310) 751-1825 (international). **The Claims and Solicitation Agent cannot and will not provide legal advice.**

Copies of this notice, the Solicitation Order, the Combined DS and Plan, and all other documents publicly filed in the Chapter 11 Cases can be obtained free of charge by visiting the Debtors' Case Information Website (https://www.veritaglobal.net/fisker), or by accessing the link at the following QR code:



### Exculpation, Release, and Injunction Provisions in the Plan

#### Exculpation

**No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action or liability for any Claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with or arising out of, the administration of the Chapter 11 Cases, the entry into the Cash Collateral Orders, entry into the Liquidating Trust Agreement, the IP/Austria Assets Trust Agreement, the negotiation and pursuit of this Plan, or the solicitation of votes for, or confirmation of, this Plan, the funding of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, and the issuance of securities or beneficial interests under or in connection with this Plan or the**

---

[2] The Joint Hearing may be adjourned or continued from time to time by the Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Court or by filing a notice on the Court's docket.

transactions contemplated by the foregoing, except for willful misconduct, gross negligence, or intentional fraud as finally determined by a Final Order, but in all respects such Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to this Plan.  The Exculpated Parties have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the securities pursuant to the Plan, and are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan.  Notwithstanding anything to the contrary in the foregoing or any other provision of the Plan, the foregoing provisions of this exculpation provision shall not operate to waive or release the rights of the Debtors or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Plan and Plan Supplement or assumed pursuant to the Plan or assumed pursuant to Final Order of the Bankruptcy Court.

## Releases by the Debtors

Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, on and after the Effective Date, each Released Party (other than the Other Directors and Officers) is, and is deemed to be, hereby conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever released and discharged by the Debtors and their Estates, including any of their successors and assigns, and any and all other Entities who may purport to assert any Causes of Action, directly or derivatively, by, through, for, or because of the Debtors or their Estates from any and all Causes of Action whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Equity Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including, without limitation, any payments, distributions or transfers in connection therewith), the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth in this **Article XII.A** do not release: (a) any Released Party from any Causes of Action arising from or related to any act or omission by such Released Party that is determined in a Final Order to have constituted intentional fraud, willful misconduct, or gross negligence; (b) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (c) any rights or obligations under the Fleet Sales Agreement and Fleet

Sale Order; or (d) any Causes of Action against the Debtors' non-Debtor subsidiaries or Affiliates held by any Entity.

For the avoidance of doubt, the releases of the holders of the Secured Notes Claims and its Related Parties (as defined in the Cash Collateral Orders) by the Cash Collateral Orders are reaffirmed and not affected or disturbed by the Plan.

<u>Voluntary Releases by the Releasing Parties</u>

Except as otherwise provided in the Plan, as of the Effective Date and to the fullest extent authorized by applicable law, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each Releasing Party conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever releases and discharges the Released Parties from any and all Causes of Action whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Equity Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including, without limitation, any payments, distributions or transfers in connection therewith), the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article XII.B</u> do not release: (a) any Released Party from any Causes of Action arising from or related to any act or omission by such Released Party that is determined in a Final Order to have constituted intentional fraud, willful misconduct, or gross negligence; (b) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (c) any rights or obligations under the Fleet Sales Agreement and Fleet Sale Order; (d) any Causes of Action against the Debtors' non-Debtor subsidiaries or Affiliates held by any Entity; (e) any Released Party that is Class Action Defendant, solely with respect to the Class Action Claims asserted in the Class Action; (f) any Released Party from any Causes of Action asserted by (i) the Fisker Parties, (ii) any D&O that is not an Other Officer and Director, and/or (iii) the Debtors' non-Debtor subsidiaries or Affiliates; or (g) any Causes of Action of the Debtors against the Other Directors and Officers, including any such Causes of Action that are transferred to and vest in the Liquidating Trust.

<u>Injunction</u>

Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Entities who have held, hold or may hold Causes of Action, Claims or Equity Interests in the Debtors or the Estates that have been released or are subject to exculpation are, with respect to any such Causes of Action, Claims or Equity Interests, permanently enjoined, from and after the Effective Date, from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, or the Exculpated Parties, or direct or indirect successor in interest to any of the foregoing Entities or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, the Released Parties, the Exculpated Parties or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, the Released Parties, the Exculpated Parties, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order, including, but not limited to, the releases and exculpations provided under Article XII.A, Article XII.B, Article XII.C of the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; *provided*, *however*, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of this Plan. Each holder of an Allowed Claim or Allowed Equity Interest shall be deemed to have specifically consented to the injunctions set forth herein. For the avoidance of doubt, the foregoing provisions of this Section shall not operate to waive or release the rights of the Debtors or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Plan and Plan Supplement or assumed pursuant to the Plan or assumed pursuant to Final Order of the Bankruptcy Court.

***

YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DS AND PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT TIMELY AND PROPERLY ELECT TO OPT OUT OF THE THIRD-PARTY RELEASES CONTAINED IN ARTICLE XII OF THE PLAN, BY CHECKING THE OPT-OUT BOX ON A BALLOT OR OPT-OUT FORM DISTRIBUTED BY THE DEBTORS OR FILING AN OBJECTION TO SUCH RELEASES, WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY OBJECTING TO OR ELECTING TO OPT OUT OF THE THIRD-PARTY RELEASES SET FORTH IN ARTICLE XII OF THE PLAN, YOU MAY FOREGO THE BENEFIT OF OBTAINING THE THIRD-PARTY RELEASES UNDER

**ARTICLE XII OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH.   BE ADVISED THAT YOUR RECOVERY UNDER THE PLAN WOULD BE THE SAME REGARDLESS OF WHETHER YOU OPT OUT OF THE THIRD-PARTY RELEASES UNDER ARTICLE XII OF THE PLAN.**

Dated:   [●], 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/_____
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com

DAVIS POLK & WARDWELL LLP
Brian M. Resnick (admitted *pro hac vice*)
Darren S. Klein (admitted *pro hac vice*)
Richard J. Steinberg (admitted *pro hac vice*)
Amber Leary (*pro hac vice* pending)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
darren.klein@davispolk.com
richard.steinberg@davispolk.com
amber.leary@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit 3-A**

**Ballot for Class 3 Secured Notes Claims**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION**
**OF FISKER INC. AND ITS DEBTOR AFFILIATES FOR HOLDERS OF CLASS 3 CLAIMS**

> **READ AND FOLLOW THE ENCLOSED INSTRUCTIONS AND THE INSTRUCTIONS CONTAINED IN THE SOLICITATION AND TABULATION PROCEDURES CAREFULLY BEFORE COMPLETING THIS BALLOT OR SUBMITTING AN E-BALLOT.**
>
> **HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOT VIA THE E-BALLOT PORTAL.**

Before you complete this Ballot or submit an E-Ballot, you should review the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* **[Docket No. [●]]** (the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable).

Your Claim has been designated as a Secured Notes Claim (Class 3) under the Plan. **You may wish to seek independent legal advice concerning the Combined DS and Plan and the classification and treatment of your Class 3 Secured Notes Claim thereunder. No Person or other Entity has been authorized to give any information or advice, or to make any representation, other than what is included in the Combined DS and Plan accompanying this Ballot.**

**Only Holders of Class 3 Secured Notes Claims may submit this Ballot.** You are receiving this Ballot because the Debtors believe that you are a holder of a Class 3 Secured Notes Claim as of September 11, 2024 and, therefore, would have a right to cast a vote with respect to such Claim to accept or reject the Plan.

Your rights are described in the Combined DS and Plan, which is free of charge by visiting the Debtors' Case Information Website (https://www.veritaglobal.net/fisker), or by accessing the link at the following QR code:



If you have any questions about how to access any documents filed in these Chapter 11 Cases, or how to fill out and submit your Ballot, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (888) 926-3479 (toll-free in the U.S. and Canada) or (310) 751-1825 (international). **The Claims and Solicitation Agent cannot and will not provide legal advice. DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

This Ballot is solely for the purpose of casting votes to accept or reject the Plan and making certain certifications with respect to the Plan, and not for the purpose of allowance or disallowance of, or distribution on account of, Class 3 Secured Notes Claims. All rights of the Debtors to dispute your Claim are fully and expressly reserved. If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, contact the Claims and Solicitation Agent *immediately* at the telephone number or email address set forth above.

The Plan will be accepted by Class 3 if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in Class 3 that actually vote on the Plan. If the Plan is confirmed by the Court, all holders of Claims against and Interests in the Debtors (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If the Debtors revoke or withdraw the Plan, the Confirmation Order is not entered, or consummation of the Plan does not occur, submitted Ballots shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

### VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF SECURED NOTES CLAIMS (CLASS 3)

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME).**

**ABSENT THE WRITTEN CONSENT OF THE DEBTORS, ALL BALLOTS MUST BE PROPERLY COMPLETED, EXECUTED, AND DELIVERED ACCORDING TO THE VOTING INSTRUCTIONS HEREIN AND THE SOLICITATION AND TABULATION PROCEDURES, SO THAT THE BALLOTS ARE <u>ACTUALLY RECEIVED</u> BY THE CLAIMS AND SOLICITATION AGENT NO LATER THAN THE VOTING DEADLINE.**

**You may submit a Ballot with your vote via <u>*one*</u> of the following methods:**

**You can vote electronically by visiting the case information website maintained by the Claims and Solicitation Agent (https://www.veritaglobal.net/fisker), clicking on the "E-Ballot" tab, and following the prompts and directions.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____Unique E-Ballot PIN:_____**

**Each E-Ballot ID# and PIN is to be used solely for voting only the Class 3 Secured Notes Claims described in Item 1 of your Ballot. Complete and submit an electronic Ballot for each E-Ballot ID# and PIN you receive, as applicable. Holders who cast a Ballot using the online portal should NOT also submit a paper Ballot. The E-Ballot portal is the only approved method to submit Ballots electronically, and <u>Holders of</u>**

2

**Class 3 Secured Notes Claims entitled to vote on the Plan are strongly encouraged to submit their Ballots via the E-Ballot portal.  Ballots delivered by email, facsimile, or any other electronic means may not be counted.**
**If you choose to vote via this paper Ballot, you must deliver, prior to the Voting Deadline, an original, completed, and executed Ballot to the Solicitation Agent as follows:**

> **Fisker Ballot Processing Center**
> **c/o KCC dba Verita**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, CA 90245**

1. Item 1 has been prepopulated by the Claims and Solicitation Agent with the principal amount held by each Holder of Class 3 Secured Notes Claims (or their transferee) as of the Voting Record Date.  The amount set forth in Item 1 is for voting purposes only, subject to the Solicitation and Tabulation Procedures.

2. If neither the "accept" nor "reject" box is checked in Item 2, both boxes in Item 2 are checked, or the Ballot is otherwise not properly completed or executed or timely returned, then the Ballot may not be counted in determining acceptance or rejection of the Plan.

3. You must vote all of your Claims either to accept or reject the Plan; you may not split your votes. Accordingly, if you return more than one Ballot voting different or inconsistent Class 3 Secured Notes Claims, the Ballots are not voted in the same manner, and if you do not correct this before the Voting Deadline, those Ballots may not be counted.  Ballots from a Holder that attempts to partially accept and partially reject the Plan may likewise not be counted and Ballots from a Holder that purports to vote to accept the Plan with respect to one Debtor but votes to reject the Plan with respect to another Debtor may not be counted; in each case, even if such Ballots are otherwise properly completed and executed and timely returned.

4. If you are completing this Ballot on behalf of another Person or other Entity, (a) indicate your relationship with such Person or other Entity and the capacity in which you are signing and (b)  if requested by the Debtors or the Claims and Solicitation Agent, submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act).

5. Review the acknowledgements and certifications contained in Item 4 and provide all of the information requested therein.

6. In accordance with the Solicitation and Tabulation Procedures, any Ballot that is illegible, contains insufficient information to identify the Holder or is otherwise incomplete, **or is unsigned** may not be counted.

7. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated, properly completed and executed, and otherwise valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior valid Ballots.

* * *

**ENSURE ITEMS 1, 2, AND 4 ARE COMPLETE IN THEIR ENTIRETY; ITEM 3 IS <u>OPTIONAL</u> BUT SHOULD BE REVIEWED IN ITS ENTIRETY:**

**Item 1. Amount of Claim**.  The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder (or authorized signatory for a Holder) of one or more Secured Notes Claims (without regard to any accrued but unpaid interest).

> Principal Aggregate Amount of Secured Notes
> Claim(s):_____

**Item 2. Vote on the Plan**.  Below, vote either to accept or reject the Plan with respect to your Claim(s).  Any Ballot not marked either to accept or reject the Plan, or marked both to accept and reject the Plan, may not be counted in determining acceptance or rejection of the Plan.

The Holder of the Class 3 Secured Notes Claim(s) set forth in Item 1 hereby votes to:

**Check <u>one</u> box**:

> ☐ **Accept** (vote FOR) the Plan.

OR

> ☐ **Reject** (vote AGAINST) the Plan.

**Item 3.  Important Information Regarding Exculpations, Releases, and Injunctions; Optional Election To Opt Out of Third-Party Releases**.

Be advised that Article XII of the Plan contains exculpation, release, and injunction provisions as described in the Voting Combined Notice served with this Ballot.  **PLEASE CONSULT THE PLAN AND/OR THE VOTING COMBINED NOTICE AND CAREFULLY REVIEW THE EXCULPATION, RELEASE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**        AS A HOLDER OF A CLAIM UNDER THE PLAN, YOU ARE DEEMED TO CONSENT TO THE THIRD-PARTY RELEASES IF THE COURT CONFIRMS THE PLAN.  YOU MAY CHECK THE BOX BELOW TO OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN AND SUBMIT YOUR BALLOT NO LATER THAN OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME).  IF YOU (A) VOTE TO ACCEPT OR REJECT THE PLAN BUT DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, (B) ABSTAIN FROM VOTING ON THE PLAN AND DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, OR (C) DO NOT TIMELY OBJECT TO THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, YOU WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES. YOUR RECOVERY UNDER THE PLAN WILL BE THE SAME IF YOU OPT OUT.  ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION.**

The undersigned Holder of the Class 3 Secured Notes Claim(s) set forth in Item 1 hereby elects to:

☐      Opt out of the third-party releases contained in Article XII of the Plan.

**Item 4. Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges and certifies the following: (a) it has received the Solicitation Package (including the Combined DS and Plan); (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Plan, the Solicitation Order, and the Solicitation and Tabulation Procedures; (c) the receipt or submission of this Ballot shall not constitute or be deemed a Proof of Claim, an assertion of a Claim, or the allowance of a Claim; (d) the Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan or opt out of the Plan's third-party releases; (e) it has the power and authority to vote to accept or reject the Plan and exercise elections with respect thereto; (f) it was the Holder of the Secured Notes Claim(s) described in Item 1 as of the Voting Record Date (or is entitled to vote on behalf of such Holder); and (g) all authority conferred, or agreed to be conferred, pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

Print or type name of Holder: _____

Signature: _____

Name of signatory (if different than Holder): _____

If by authorized agent, title of agent: _____

Street address: _____

City, state, and zip code: _____

Telephone number: _____

Email address: _____

Date completed: _____

**<u>Exhibit 3-B</u>**

**Ballot for Class 4 General Unsecured Claims**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION**
**OF FISKER INC. AND ITS DEBTOR AFFILIATES FOR HOLDERS OF CLASS 4 CLAIMS**

> **READ AND FOLLOW THE ENCLOSED INSTRUCTIONS AND THE INSTRUCTIONS CONTAINED IN THE SOLICITATION AND TABULATION PROCEDURES CAREFULLY BEFORE COMPLETING THIS BALLOT OR SUBMITTING AN E-BALLOT.**
>
> **HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOT VIA THE E-BALLOT PORTAL.**

Before you complete this Ballot or submit an E-Ballot, you should review the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* **[Docket No. [●]]** (the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable).

Your Claim has been designated as a General Unsecured Claim (Class 4) under the Plan. **You may wish to seek independent legal advice concerning the Combined DS and Plan and the classification and treatment of your Class 4 General Unsecured Claim thereunder. No Person or other Entity has been authorized to give any information or advice, or to make any representation, other than what is included in the Combined DS and Plan accompanying this Ballot.**

**Only Holders of Class 4 General Unsecured Claims may submit this Ballot.** You are receiving this Ballot because the Debtors believe that you are a holder of a Class 4 General Unsecured Claim as of September 11, 2024 and, therefore, would have a right to cast a vote with respect to such Claim to accept or reject the Plan.

Your rights are described in the Combined DS and Plan, which is free of charge by visiting the Debtors' Case Information Website (https://www.veritaglobal.net/fisker), or by accessing the link at the following QR code:



If you have any questions about how to access any documents filed in these Chapter 11 Cases, or how to fill out and submit your Ballot, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (888) 926-3479 (toll-free in the U.S. and Canada) or (310) 751-1825 (international).  **The Claims and Solicitation Agent cannot and will not provide legal advice.  DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

This Ballot is solely for the purpose of casting votes to accept or reject the Plan and making certain certifications with respect to the Plan, and not for the purpose of allowance or disallowance of, or distribution on account of, Class 4 General Unsecured Claims.  All rights of the Debtors to dispute your Claim are fully and expressly reserved.  If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, contact the Claims and Solicitation Agent *immediately* at the telephone number or email address set forth above.

The Plan will be accepted by Class 4 if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in Class 4 that actually vote on the Plan. If the Plan is confirmed by the Court, all holders of Claims against and Interests in the Debtors (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If the Debtors revoke or withdraw the Plan, the Confirmation Order is not entered, or consummation of the Plan does not occur, submitted Ballots shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

### INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF GENERAL UNSECURED CLAIMS (CLASS 4)

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME).**

**ABSENT THE WRITTEN CONSENT OF THE DEBTORS, ALL BALLOTS MUST BE PROPERLY COMPLETED, EXECUTED, AND DELIVERED ACCORDING TO THE VOTING INSTRUCTIONS HEREIN AND THE SOLICITATION AND TABULATION PROCEDURES, SO THAT THE BALLOTS ARE <u>ACTUALLY RECEIVED</u> BY THE CLAIMS AND SOLICITATION AGENT NO LATER THAN THE VOTING DEADLINE.**

**You may submit a Ballot with your vote via _one_ of the following methods:**

**You can vote electronically by visiting the case information website maintained by the Claims and Solicitation Agent (https://www.veritaglobal.net/fisker), clicking on the "E-Ballot" tab, and following the prompts and directions.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____Unique E-Ballot PIN:_____**

**Each E-Ballot ID# and PIN is to be used solely for voting only the Class 4 General Unsecured Claims described in Item 1 of your Ballot.  Complete and submit an electronic Ballot for each E-Ballot ID# and PIN you receive, as applicable.  Holders who cast a Ballot using the online portal should NOT also submit a paper Ballot.  The E-Ballot portal is the only approved method to submit Ballots electronically, and**

**Holders of Class 4 General Unsecured Claims entitled to vote on the Plan are strongly encouraged to submit their Ballots via the E-Ballot portal.  Ballots delivered by email, facsimile, or any other electronic means may not be counted.**

**If you choose to vote via this paper Ballot, you must deliver, prior to the Voting Deadline, an original, completed, and executed Ballot to the Solicitation Agent as follows:**

> **Fisker Ballot Processing Center**
> **c/o KCC dba Verita**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, CA 90245**

1. Item 1 has been prepopulated by the Claims and Solicitation Agent with the principal amount held by each Holder of Class 4 General Unsecured Claims (or their transferee) as of the Voting Record Date.  The amount set forth in Item 1 is for voting purposes only, subject to the Solicitation and Tabulation Procedures.

2. If neither the "accept" nor "reject" box is checked in Item 2, both boxes in Item 2 are checked, or the Ballot is otherwise not properly completed or executed or timely returned, then the Ballot may not be counted in determining acceptance or rejection of the Plan.

3. You must vote all of your Claims either to accept or reject the Plan; you may not split your votes. Accordingly, if you return more than one Ballot voting different or inconsistent Class 4 General Unsecured Claims, the Ballots are not voted in the same manner, and if you do not correct this before the Voting Deadline, those Ballots may not be counted.  Ballots from a holder that attempts to partially accept and partially reject the Plan may likewise not be counted and Ballots from a Holder that purports to vote to accept the Plan with respect to one Debtor but votes to reject the Plan with respect to another Debtor may not be counted; in each case, even if such Ballots are otherwise properly completed and executed and timely returned.

4. If you are completing this Ballot on behalf of another Person or other Entity, (a) indicate your relationship with such Person or other Entity and the capacity in which you are signing and (b)  if requested by the Debtors or the Claims and Solicitation Agent, submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act).

5. Review the acknowledgements and certifications contained in Item 4 and provide all of the information requested therein.

6. In accordance with the Solicitation and Tabulation Procedures, any Ballot that is illegible, contains insufficient information to identify the Holder or is otherwise incomplete, **or is unsigned** may not be counted.

7. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated, properly completed and executed, and otherwise valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior valid Ballots.

\* \* \*

**ENSURE ITEMS 1, 2, AND 4 ARE COMPLETE IN THEIR ENTIRETY; ITEM 3 IS <u>OPTIONAL</u> BUT SHOULD BE REVIEWED IN ITS ENTIRETY:**

3

**Item 1. Amount of Claim**. The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the holder (or authorized signatory for a Holder) of one or more General Unsecured Claims (without regard to any accrued but unpaid interest).

| Principal Aggregate Amount of General Unsecured Claim(s): $_____ |
| --- |

**Item 2. Vote on the Plan**. Below, vote either to accept or reject the Plan with respect to your Claim(s). Any Ballot not marked either to accept or reject the Plan, or marked both to accept and reject the Plan, may not be counted in determining acceptance or rejection of the Plan.

The Holder of the Class 4 General Unsecured Claim(s) set forth in Item 1 hereby votes to:

**Check <u>one</u> box**: | ☐ **Accept** (vote FOR) the Plan. | OR | ☐ **Reject** (vote AGAINST) the Plan.

**Item 3. Important Information Regarding Exculpations, Releases, and Injunctions; Optional Election To Opt Out of Third-Party Releases**.

Be advised that Article XII of the Plan contains exculpation, release, and injunction provisions as described in the Voting Combined Notice served with this Ballot. **PLEASE CONSULT THE PLAN AND/OR THE VOTING COMBINED NOTICE AND CAREFULLY REVIEW THE EXCULPATION, RELEASE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**AS A HOLDER OF A CLAIM UNDER THE PLAN, YOU ARE DEEMED TO CONSENT TO THE THIRD-PARTY RELEASES IF THE COURT CONFIRMS THE PLAN. YOU MAY CHECK THE BOX BELOW TO OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN AND SUBMIT YOUR BALLOT NO LATER THAN OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME). IF YOU (A) VOTE TO ACCEPT OR REJECT THE PLAN BUT DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, (B) ABSTAIN FROM VOTING ON THE PLAN AND DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, OR (C) DO NOT TIMELY OBJECT TO THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, YOU WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES. YOUR RECOVERY UNDER THE PLAN WILL BE THE SAME IF YOU OPT OUT. ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION.**

The undersigned Holder of the Class 4 General Unsecured Claim(s) set forth in Item 1 hereby elects to:

☐ Opt out of the third-party releases contained in Article XII of the Plan.

\* \* \*

**Item 4. Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges and certifies the following: (a) it has received the Solicitation Package (including the Combined DS and Plan); (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Plan, the Solicitation Order, and the Solicitation and Tabulation Procedures; (c) the receipt or submission of this Ballot shall not constitute or

be deemed a Proof of Claim, an assertion of a Claim, or the allowance of a Claim; (d) the Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan or opt out of the Plan's third-party releases; (e) it has the power and authority to vote to accept or reject the Plan and exercise elections with respect thereto; (f) it was the holder of the General Unsecured Claim(s) described in Item 1 as of the Voting Record Date (or is entitled to vote on behalf of such Holder); and (g) all authority conferred, or agreed to be conferred, pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

Print or type name of holder: _____

Signature: _____

Name of signatory (if different than holder): _____

If by authorized agent, title of agent: _____

Street address: _____

City, state, and zip code: _____

Telephone number: _____

Email address: _____

Date completed: _____

## Exhibit 3-C

**Beneficial Holder Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION OF FISKER INC. AND ITS DEBTOR AFFILIATES FOR HOLDERS OF 2026 NOTES CLAIMS**

Before you complete this Ballot or submit an E-Ballot, you should review the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* **[Docket No. [●]]** (the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable).

Your Claim has been designated as a General Unsecured Claim – 2026 Notes Claim (Class 4) under the Plan. **You may wish to seek independent legal advice concerning the Combined DS and Plan and the classification and treatment of your Class 4 General Unsecured Claim thereunder. No Person or other Entity has been authorized to give any information or advice, or to make any representation, other than what is included in the Combined DS and Plan accompanying this Ballot.**

**Only Holders of Class 4 General Unsecured Claims may submit this Ballot.** You are receiving this Ballot because the Debtors believe that you are a holder of a Class 4 General Unsecured Claim as of September 11, 2024 and, therefore, would have a right to cast a vote with respect to such Claim to accept or reject the Plan.

Your rights are described in the Combined DS and Plan, which is free of charge by visiting the Debtors' Case Information Website (https://www.veritaglobal.net/fisker), or by accessing the link at the following QR code:



If you have any questions about how to access any documents filed in these Chapter 11 Cases, or how to fill out and submit your Ballot, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (888) 926-3479 (toll-free in the U.S. and Canada) or (310) 751-1825 (international). **The Claims and Solicitation Agent cannot and will not provide legal advice. DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

This Ballot is solely for the purpose of casting votes to accept or reject the Plan and making certain certifications with respect to the Plan, and not for the purpose of allowance or disallowance of, or distribution on

account of, Class 4 General Unsecured Claims. All rights of the Debtors to dispute your Claim are fully and expressly reserved. If you believe that you have received this Ballot in error, or if you believe that you have received the wrong Ballot, contact the Claims and Solicitation Agent *immediately* at the telephone number or email address set forth above.

The Plan will be accepted by Class 4 if it is accepted by the Holders of two-thirds in amount and more than one-half in number of Claims in Class 4 that actually vote on the Plan. If the Plan is confirmed by the Court, all holders of Claims against and Interests in the Debtors (including those Holders who abstain from voting or vote to reject the Plan, and those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If the Debtors revoke or withdraw the Plan, the Confirmation Order is not entered, or consummation of the Plan does not occur, submitted Ballots shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

### <u>INSTRUCTIONS FOR COMPLETING THE BALLOT FOR HOLDERS OF 2026 NOTES CLAIMS (CLASS 4)</u>

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME).**

To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in <u>Item 1</u> of the Ballot; (c) indicate your decision either to opt out of Third-Party Release in <u>Item 3</u> of the Ballot; and (d) **sign and return the Ballot in accordance with the instructions received, so that a Master Ballot cast on your behalf is actually received by the Solicitation Agent by the Voting Deadline**. If you are returning your Ballot to the Nominee that provided you with this Ballot, your completed Ballot must be sent to your Nominee, allowing sufficient time for your Nominee to receive your Ballot, complete a Master Ballot, and transmit the Master Ballot to the Claims and Noticing Agent so that it is <u>actually received</u> by the Voting Deadline. Your Nominee is authorized to disseminate the Solicitation Packages and voting instructions to, and collect voting information from, Beneficial Holders according to its customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by applicable law or court order. In all cases, Beneficial Holders should allow sufficient time to ensure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors. A Ballot will not be counted unless received by the Solicitation Agent.

If multiple Ballots are submitted voting the Claim set forth in <u>Item 1</u>, only the last properly completed Ballot or Master Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent.

The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim in the Voting Class; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

### <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY</u>

**Item 1**. **Voting - Complete This Section.**

| ITEM 1:<br>PRINCIPAL<br>AMOUNT<br>OF<br>CLAIMS | The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Beneficial Holder (or authorized signatory for a Beneficial Holder), of Claim(s) in Class 3 as set forth below (your "Claims"). If you do not know the amount of your Class 3 2028 Senior Secured Notes Claims as of the Voting Record Date, please contact your Nominee for this information. You may vote to accept or reject the Plan. You must check the applicable box in the right-hand column below to "accept" or "reject" the Plan for the Voting Class in order to have your vote in the Voting Class counted.<br><br>Please note that you are voting all of your Claims in Class 3 either to accept or reject the Plan. You may not split your vote in Class 3. If you do not indicate that you either accept or reject the Plan in Class 3 by checking the applicable box below, your vote in Class 3 will not be counted. If you indicate that you both accept and reject the Plan for Class 3 by checking both boxes below, your vote in will not be counted.<br><br>The Beneficial Holder of the Claim(s) in Class 3 set forth below votes to (*please check one and only one box per applicable Voting Claim or Interest*): |

| Voting Class | Description | Amount | Vote to Accept or Reject Plan |
|---|---|---|---|
| Class 4 | General Unsecured Claims – 2026 Notes Claims | $_____ | ☐ ACCEPT (VOTE FOR) THE PLAN<br>☐ REJECT (VOTE AGAINST) THE PLAN |

**Item 2**. **Certification of Claims in Class 4 Held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Claims identified in <u>Item 1</u> certifies that this Ballot is the only Ballot submitted for the Claims in Class 4 identified in <u>Item 1</u> owned by such Beneficial Holder as indicated in <u>Item 1</u>, except for the Claims identified in the following table. **To be clear, if any Beneficial Holder holds Claims in Class 4 through one or more Nominees, such Beneficial Holder must identify all Claims in Class 4 held through its own name and/or each Nominee in the following table and must indicate the same vote to accept or reject the Plan on all Ballots submitted.**

ONLY COMPLETE <u>ITEM 2</u> IF YOU HAVE SUBMITTED OTHER BALLOTS ON ACCOUNT OF CLASS 4

| Account Number of Other Claims Voted in Class 4 | Name of Owner[1] | Principal Amount of Other Claims Voted in Class 4 | Plan Vote of Other Claims Voted (accept or reject) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Item 3**. **Important Information Regarding Exculpations, Releases, and Injunctions; Optional Election To Opt Out of Third-Party Releases**.

Be advised that Article XII of the Plan contains exculpation, release, and injunction provisions as described in the Voting Combined Notice served with this Ballot. **PLEASE CONSULT THE PLAN AND/OR THE VOTING COMBINED NOTICE AND CAREFULLY REVIEW THE EXCULPATION, RELEASE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**AS A HOLDER OF A CLAIM UNDER THE PLAN, YOU ARE DEEMED TO CONSENT TO THE THIRD-PARTY RELEASES IF THE COURT CONFIRMS THE PLAN. YOU MAY CHECK THE BOX BELOW TO OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN AND SUBMIT YOUR BALLOT NO LATER THAN OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME). IF YOU (A) VOTE TO ACCEPT OR REJECT THE PLAN BUT DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, (B) ABSTAIN FROM VOTING ON THE PLAN AND DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, OR (C) DO NOT TIMELY OBJECT TO THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, YOU WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES.**

---

[1]    Insert your name if the Claims in the Voting Class are held by you in your own name or, if held in a street name through a Nominee, insert the name of your broker or bank and their DTC Participant Number.

**YOUR RECOVERY UNDER THE PLAN WILL BE THE SAME IF YOU OPT OUT. ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION.**

The undersigned Holder of the Class 4 General Unsecured Claim(s) set forth in Item 1 hereby elects to:

☐ Opt out of the third-party releases contained in Article XII of the Plan.

**Item 4. Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges and certifies the following:  (a) it has received the Solicitation Package (including the Combined DS and Plan); (b) the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Plan, the Solicitation Order, and the Solicitation and Tabulation Procedures; (c) the receipt or submission of this Ballot shall not constitute or be deemed a Proof of Claim, an assertion of a Claim, or the allowance of a Claim; (d) the Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan or opt out of the Plan's third-party releases; (e) it has the power and authority to vote to accept or reject the Plan and exercise elections with respect thereto; (f) it was the holder of the 2026 Notes Claim(s) described in Item 1 as of the Voting Record Date (or is entitled to vote on behalf of such Holder); and (g) all authority conferred, or agreed to be conferred, pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

Print or type name of holder: _____

Signature: _____

Name of signatory (if different than holder): _____

If by authorized agent, title of agent: _____

Street address: _____

City, state, and zip code: _____

Telephone number: _____

Email address: _____

Date completed: _____

## Exhibit 3-D

**Master Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors. | (Jointly Administered) |

### MASTER BALLOT FOR VOTING ON THE CHAPTER 11 PLAN OF LIQUIDATION OF FISKER INC. AND ITS DEBTOR AFFILIATES FOR HOLDERS OF 2026 NOTES CLAIMS

**Before you complete this Ballot or submit an E-Ballot, you should review the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* [Docket No. [●]] (the "Combined DS and Plan," the "Disclosure Statement," or the "Plan," as applicable).**

You are receiving this Master Ballot because you are the Nominee (as defined below) of a Beneficial Holder[1] of a 2026 Notes Claim in Class 4 (a "Class 4 2026 Notes Claims") as of **September 11, 2024** (the "Voting Record Date")

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 4 2026 Notes Claims to transmit to the Solicitation Agent the votes of such Beneficial Holders in respect of their Class 4 2026 Notes Claims to accept or reject the Plan. THE VOTES ON THIS BALLOT FOR BENEFICIAL HOLDERS OF CLAIMS IN CLASS 4 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 4 CLAIM.**

The rights and treatment of each Class are described in the Combined DS and Plan, which you can access free of charge by visiting the Debtors' Case Information Website (https://www.veritaglobal.net/fisker), or by accessing the link at the following QR code:



If you have any questions about how to access any documents filed in these Chapter 11 Cases, or how to fill out and submit this Master Ballot, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (888) 926-3479 (toll-free in the U.S. and Canada)

---

[1] "Beneficial Holder" is a beneficial owner of a Class 4 2026 Notes Claim whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company ("DTC") or other relevant security depository as of the Voting Record Date.

or (310) 751-1825 (international).  **The Claims and Solicitation Agent cannot and will not provide legal advice.  DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

You are authorized to disseminate information and materials pertaining to the solicitation of Plan votes, to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) the Beneficial Holder ballots provided to you with this Master Ballot (a "Beneficial Holder Ballot"), and to collect votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT FOR HOLDERS OF 2026 NOTES CLAIMS

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME).**

You should immediately distribute the Ballots (or other customary material used to collect votes in lieu of the Ballots) and the Solicitation Package to all Beneficial Holders of Class 4 2026 Notes Claims and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds.  You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices.  You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.  Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Claims and Noticing Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **12:00 p.m., prevailing Eastern Time, on October 7, 2024**, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

If you are transmitting the votes of any Beneficial Holders of Claims in the Voting Class, you shall within three (3) Business Days after receipt by such Nominee of the Solicitation Package, forward the Solicitation Package to the Beneficial Holder of the Class 4 2026 Notes Claims for voting (along with a return envelope provided by and addressed to the Nominee, if applicable), with the Beneficial Holder then returning the individual Beneficial Holder Ballot to the Nominee or voting as otherwise instructed by the Nominee.  In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to the Solicitation Agent.  The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Ballots to, or submit their votes as otherwise instructed by, the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Claims and Noticing Agent so that the Master Ballot is actually received by the Solicitation Agent on or before the Voting Deadline.

With regard to any Ballots returned to you by a Beneficial Holder, you must:  (a) compile and validate the votes and other relevant information, including the Third-Party Release Opt-Out, of each such Beneficial Holder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to the Solicitation Agent by the Voting Deadline; and (d) retain such Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of at least two (2) years after the Effective Date.  You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

If you are both the Nominee and the Beneficial Holder of any of the Class 4 2026 Notes Claims and you wish to vote such Claims in Class 4, you may return a Master Ballot for such Claims in Class 4 and you must vote all of your Claims in the Voting Class to either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot, other than a Master Ballot with the votes of multiple Holders, that partially rejects and partially accepts the Plan will not be counted.

Votes cast by Beneficial Holders through a Nominee will be applied against the positions held by such entities in the Claims in the Voting Class as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee will not be counted in excess of the amount of the Claims in the Voting Class held by such Nominee as of the Record Date, as reflected in the securities position report provided by the Depository Trust Company. To the extent that conflicting votes or "overvotes" are submitted by a Nominee, the Claims and Noticing Agent will attempt to reconcile discrepancies with the Nominee. To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Solicitation Agent will apply the votes to accept and reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Nominee's position in the relevant Claims in the Voting Class. For purposes of tabulating votes, each Beneficial Holder holding through a particular account will be deemed to have voted the principal amount relating to its holding in that particular account, although the Solicitation Agent may be asked to adjust such principal amount to reflect the Claim amount.

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐ is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Claims listed in Item 2 below, and is the record holder of such notes;

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below; or

☐ has been granted a proxy (an original of which is submitted herewith) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of the Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial owners of the Claims described in Item 2.

**Item 2. Class 4 2026 Notes Claims Vote on Plan and Item 2.**

The undersigned transmits the following votes of Beneficial Holders of Claims against the Debtors in Class 4 as set forth below and certifies that the following Beneficial Holders of the Classes of Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders of such securities as of the Voting Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each Beneficial Holder must vote all of their Claims in the Voting Class either to accept or reject the Plan and may not split such vote.  Any Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan in the Voting Class will not be counted.

| Your Customer Account Number for Each Beneficial Holder Who Voted in this Plan Class | Principal Amount Held as of the Voting Record Date | Item 2<br><br>Indicate the vote cast on the Beneficial Holder Ballot by placing an "X" in the appropriate column below. | | | Item 3<br><br>Indicate whether the Beneficial Holder ELECTED to OPT OUT of the Third-Party Releases by indicating "OPTED OUT" in the column below |
|---|---|---|---|---|---|
| | | Accept the Plan | or | Reject the Plan | |
| **Class 4 2026 Notes Claims** | | | | | |
| 1. | $ | | | | |
| 2. | $ | | | | |
| 3. | $ | | | | |
| 4. | $ | | | | |
| 5. | $ | | | | |
| 6. | $ | | | | |
| **TOTALS** | $ | | | | |

**Item 3.** Certification as to Transcription of Information from **Item 3** of the Beneficial Holder Ballots as to Claims in the Voting Class Voted Through Other Ballots.

The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Beneficial Holder Ballot received from a Beneficial Holder.  Please use additional sheets of paper if necessary.

**TRANSCRIBE FROM <u>ITEM 3</u> OF THE BENEFICIAL HOLDER BALLOTS:**

| Your Customer Account Number for Each Beneficial Holder Who Completed **Item 3** of the Beneficial Holder Ballots | Account Number of Other Claims Voted | DTC Participant Name and Number of Other Nominee | Principal Amount of Other Claims Voted | Plan Vote of Other Claims Voted (accept or reject) |
|---|---|---|---|---|
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

**Item 4.** **Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

1.  It has received the Solicitation Package and has delivered the same to the Beneficial Holders of the Claims in the Voting Class listed in <u>Item 2</u> above or delivered materials via other customary communications used to solicit or collect votes;

2.  It has received appropriate voting instructions from each Beneficial Holder listed in <u>Item 2</u> of this Master Ballot;

3.  It has been authorized by each such Beneficial Holder to vote on the Plan;

4.  it has properly disclosed:  (a) the number of Beneficial Holders who completed Ballots; (b) the respective amounts of the Claims in the Voting Class as set forth in <u>Item 2</u>, as the case may be, by each Beneficial Holder who completed a Ballot; (c) each such Beneficial Holder's respective vote concerning the Plan; (d) each such Beneficial Holder's certification as to other Claims voted; and (e) the customer account or other identification number for each such Beneficial Holder; and

5.  it will maintain Ballots and evidence of separate transactions returned by Beneficial Holders (whether properly completed or defective) for at least two (2) years after the chapter 11 cases are closed and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____

(Print or type)

DTC Participant
Number: _____

Name of Proxy
Holder or Agent for
Nominee
(if applicable): _____

(Print or type)

Signature: _____

Name of Signatory: _____

Title: _____

Address: _____

_____

Date Completed: _____

Email Address: _____

**THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS OCTOBER 7, 2024, AT 12:00 P.M. (PREVAILING EASTERN TIME).**

**PLEASE COMPLETE AND DATE THE MASTER BALLOT AND RETURN IT PROMPTLY VIA ONE OF THE METHODS BELOW SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE VOTING DEADLINE.**

**PLEASE SUBMIT YOUR MASTER BALLOT BY ONE OF THE FOLLOWING TWO METHODS:**

**Via E-Mail.  Submit your Master Ballot via e-mail to the Claims and Noticing Agent at:**

> FiskerBallots@veritaglobal.com
> **(preferred method of delivery)**

**Via Paper Form.  Complete, sign, and date this Master Ballot and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:**

> **Fisker Ballot Processing Center**
> **c/o KCC dba Verita**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, CA 90245**

Parties that submit their Master Ballot via e-mail do NOT also need to submit a paper Master Ballot.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT (877) 499-4509 (USA AND CANADA) OR +1 (917) 281-4800 (INTERNATIONAL) OR EMAIL FISKERBALLOTS@VERITAGLOBAL.COM AND REFERENCE "IN RE FISKER INC." IN THE SUBJECT LINE.  ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

**MASTER BALLOTS WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE, OR OTHER ELECTRONIC MEANS OF TRANSMISSION (OTHER THAN BY E-MAIL).**

**THE MASTER BALLOT SHOULD NOT BE SENT TO THE DEBTORS, THE BANKRUPTCY COURT, OR THE DEBTORS' FINANCIAL OR LEGAL ADVISORS.**

## **Exhibit 4**

**Non-Voting Combined Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF PLAN CONFIRMATION, RELATED DEADLINES, AND NON-VOTING STATUS

On [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [●]] (the "**Solicitation Order**") that, among other things, (a) approved on an interim basis the Disclosure Statement contained in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* (the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable),[2] as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan, (b) approved the Solicitation and Tabulation Procedures on a final basis and authorized the Debtors to solicit votes to accept or reject the Plan in accordance with such procedures, (c) approved the forms of Ballots, Solicitation Package, and other related notices, (d) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (e) scheduled a Joint Hearing for the approval of the Disclosure Statement on a final basis and the confirmation of the Plan.

UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST AND/OR EQUITY INTEREST(S) IN THE DEBTORS IS (ARE) NOT ENTITLED TO VOTE ON THE PLAN. CLAIMS IN CLASS 1 (OTHER PRIORITY CLAIMS) AND CLASS 2 (OTHER SECURED CLAIMS) ARE UNIMPAIRED AND DEEMED TO ACCEPT THE PLAN. CLAIMS IN CLASS 5 (INTERCOMPANY CLAIMS), CLASS 6 (EQUITY INTERESTS), AND CLASS 7 (INTERCOMPANY INTERESTS) ARE IMPAIRED AND PRESUMED TO REJECT THE PLAN. **You may wish to seek independent legal advice concerning the Combined DS and Plan and the classification and treatment of your Claim or Interest thereunder. No Person or other Entity has been authorized to give any information or advice, or to make any representation, other than what is included in the Combined DS and Plan or the materials accompanying this notice.** If you have any questions about the status of your Claim or Interest, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (888) 926-3479 (toll-free in the U.S. and Canada) or (310) 751-1825 (international).

YOU WILL NOT BE SERVED WITH A COPY OF THE SOLICITATION ORDER OR THE COMBINED DS AND PLAN. If you wish to review copies of such documents, if you received your Notice of Non-Voting Status via email and desire a paper copy, if you received your Notice of Non-Voting Status in paper

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or Delaware file numbers, are as follows: Fisker Inc. (0340); Fisker Group Inc. (3342); Fisker TN LLC (6212); Blue Current Holding LLC (6668); Platinum IPR LLC (4839); and Terra Energy Inc. (0739). The address of the debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Order (including the Solicitation and Tabulation Procedures attached thereto) or the Combined DS and Plan (as defined below), as applicable. Copies of those documents and additional information about the Chapter 11 Cases can be accessed free of charge on the Case Information Website (https://www.veritaglobal.net/fisker).

form but the Opt-Out Form is either missing or damaged, or if you need to obtain additional Opt-Out Forms, you may obtain copies at no charge by (a) accessing the Case Information Website (https://www.veritaglobal.net/fisker) or (b) contacting the Claims and Solicitation Agent via the methods set forth above.  Contact the Claims and Solicitation Agent via those same methods if you have any questions on how to properly complete or submit an Opt-Out Form.  **The Claims and Solicitation Agent cannot and will not provide legal advice.  DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

**UPON CONFIRMATION OF THE PLAN, ALL HOLDERS OF CLAIMS OR INTERESTS IN NON-VOTING CLASSES THAT DO NOT ELECT TO OPT OUT OF SUCH PROVISIONS, BY EITHER PROPERLY AND TIMELY RETURNING THE ATTACHED OPT-OUT FORM, SUBMITTING ONE THROUGH THE E-OPT-OUT PORTAL ON THE CASE INFORMATION WEBSITE, OR FILING AN OBJECTION TO THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES AS SET FORTH IN ARTICLE XII OF THE PLAN.**

**TO BE CONSIDERED VALID, OPT-OUT FORMS MUST BE SUBMITTED VIA THE E-OPT-OUT PORTAL ON THE CASE INFORMATION WEBSITE, OR THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED IN ACCORDANCE WITH THE SOLICITATION AND TABULATION PROCEDURES, SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE CLAIMS AND SOLICITATION AGENT, BY OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>OPT-OUT DEADLINE</u>"), UNLESS EXTENDED BY THE DEBTORS IN THEIR SOLE DISCRETION. HOLDERS ARE STRONGLY ENCOURAGED TO CONSIDER SUBMITTING THEIR OPT-OUT FORM VIA THE E-OPT-OUT PORTAL.**

A Joint Hearing on the final approval of the Disclosure Statement and confirmation of the Plan will commence on **October 9, 2024, at 10:00 a.m. (prevailing Eastern Time**) before the Honorable Thomas M. Horan, at 824 N. Market Street, #500, Wilmington, DE 19801.  Be advised that the Joint Hearing may be adjourned or continued from time to time by the Court or the Debtors by (a) announcing such adjournment or continuance in open court or (b) filing a notice on the Court's docket and serving it on parties entitled to notice under Bankruptcy Rule 2002.  In accordance with the Plan and the Solicitation Order, the Plan may be modified, if necessary, before, during or as a result of the Joint Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Court or any other Entity.

The Court has established **October 4, 2024, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing and serving objections to the final approval of the Disclosure Statement and confirmation of the Plan (the "**Combined DS and Plan Objection Deadline**").  Any objection to the Plan must be filed with the Court in accordance with the Solicitation and Tabulation Procedures and be served on (i) the undersigned counsel to the Debtors, (ii) counsel to the Secured Noteholder, (A) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095, Attn: Scott Greissman and Elizabeth Feld, and (B) Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE 19801-3062, Attn: Richard M. Beck and Alyssa M. Radovanovich, (iii) the U.S. Trustee J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn:  Linda Richenderfer (linda.richenderfer@usdoj.gov) and Malcolm M. Bates (malcolm.m.bates@usdoj.gov), and, (iv) counsel to the Official Committee of Unsecured Creditors, (A) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi, Doug Mannal, and

Benjamin Butterfield, and (B) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto and Patrick J. Reilley.

If the Plan is confirmed by the Court, all holders of Claims against and Interests in the Debtors (including those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If the Debtors revoke or withdraw the Plan, the Confirmation Order is not entered, or consummation of the Plan does not occur, your Opt-Out Form shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

Dated:  [●], 2024
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

 /s/
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Darren S. Klein (admitted *pro hac vice*)
Richard J. Steinberg (admitted *pro hac vice*)
Amber Leary (*pro hac vice* pending)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
darren.klein@davispolk.com
richard.steinberg@davispolk.com
amber.leary@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

## Instructions for Completing the Optional Opt-Out Form

**THE DEADLINE TO OPT OUT OF THE THIRD-PARTY RELEASES CONTAINED IN THE PLAN IS OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME). ABSENT THE WRITTEN CONSENT OF THE DEBTORS, ALL OPT-OUT FORMS MUST BE PROPERLY COMPLETED, EXECUTED, AND DELIVERED ACCORDING TO THE INSTRUCTIONS HEREIN AND THE SOLICITATION AND TABULATION PROCEDURES, SO THAT THE FORMS ARE ACTUALLY RECEIVED BY THE CLAIMS AND SOLICITATION AGENT NO LATER THAN THE OPT-OUT DEADLINE.**

**You may submit an Opt-Out Form by _one_ of the following methods:**

**You can opt out electronically by visiting the Case Information Website maintained by the Claims and Solicitation Agent (https://www.veritaglobal.net/fisker), clicking on the "E-Ballot" tab, and following the prompts and directions. Holders who submit an electronic Opt-Out Form using the online portal should NOT also submit a paper Opt-Out Form. The E-Ballot portal is the only approved method to submit Opt-Out Forms electronically, and Holders who wish to submit an Opt-Out Form are strongly encouraged to submit their Opt-Out Forms via the E-Opt-Out portal. Opt-Out Forms delivered by email, facsimile, or any other electronic means may not be considered.**

**If you choose to submit a paper copy of this Opt-Out Form, you must deliver, prior to the Opt-Out Deadline, an original, complete, and executed Opt-Out Form directly to the Claims and Solicitation Agent as follows:**

> **Fisker Ballot Processing Center**
> **c/o KCC dba Verita**
> **222 N. Pacific Coast Highway, Suite 300**
> **El Segundo, CA 90245**

1.  If the "opt-out" box is not checked, or the Opt-Out Form is otherwise not properly completed, executed, or timely returned, then the Opt-Out Form may not be considered.

2.  If you are completing this Opt-Out Form on behalf of another Person or other Entity, indicate your relationship with such Person or other Entity and the capacity in which you are signing and, if requested by the Debtors or the Claims and Solicitation Agent, submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act).

3.  Review the acknowledgements and certifications contained in the Opt-Out Form and provide all of the information requested therein.

4.  In accordance with the Solicitation and Tabulation Procedures, any Opt-Out Form that is illegible, contains insufficient information to identify the Holder or is otherwise incomplete, **or is unsigned** may not be considered.

**OPTIONAL**
**Opt-Out Form**

Be advised that Article XII of the Plan contains the following exculpation, release, and injunction provisions:

<u>Exculpation</u>

**No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action or liability for any Claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with or arising out of, the administration of the Chapter 11 Cases, the entry into the Cash Collateral Orders, entry into the Liquidating Trust Agreement, the IP/Austria Assets Trust Agreement, the negotiation and pursuit of this Plan, or the solicitation of votes for, or confirmation of, this Plan, the funding of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, and the issuance of securities or beneficial interests under or in connection with this Plan or the transactions contemplated by the foregoing, except for willful misconduct, gross negligence, or intentional fraud as finally determined by a Final Order, but in all respects such Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to this Plan. The Exculpated Parties have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the securities pursuant to the Plan, and are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan. Notwithstanding anything to the contrary in the foregoing or any other provision of the Plan, the foregoing provisions of this exculpation provision shall not operate to waive or release the rights of the Debtors or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Plan and Plan Supplement or assumed pursuant to the Plan or assumed pursuant to Final Order of the Bankruptcy Court.**

<u>Releases by the Debtors</u>

**Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, on and after the Effective Date, each Released Party (other than the Other Directors and Officers) is, and is deemed to be, hereby conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever released and discharged by the Debtors and their Estates, including any of their successors and assigns, and any and all other Entities who may purport to assert any Causes of Action, directly or derivatively, by, through, for, or because of the Debtors or their Estates from any and all Causes of Action whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Equity Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or**

-5-

**Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including, without limitation, any payments, distributions or transfers in connection therewith), the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article XII.A</u> do not release: (a) any Released Party from any Causes of Action arising from or related to any act or omission by such Released Party that is determined in a Final Order to have constituted intentional fraud, willful misconduct, or gross negligence; (b) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (c) any rights or obligations under the Fleet Sales Agreement and Fleet Sale Order; or (d) any Causes of Action against the Debtors' non-Debtor subsidiaries or Affiliates held by any Entity.**

**For the avoidance of doubt, the releases of the holders of the Secured Notes Claims and its Related Parties (as defined in the Cash Collateral Orders) by the Cash Collateral Orders are reaffirmed and not affected or disturbed by the Plan.**

<u>**Voluntary Releases by the Releasing Parties**</u>

**Except as otherwise provided in the Plan, as of the Effective Date and to the fullest extent authorized by applicable law, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each Releasing Party conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever releases and discharges the Released Parties from any and all Causes of Action whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Equity Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including, without limitation, any payments, distributions or transfers in connection therewith), the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date.**

Notwithstanding anything to the contrary in the foregoing, the releases set forth in this **Article XII.B** do not release: (a) any Released Party from any Causes of Action arising from or related to any act or omission by such Released Party that is determined in a Final Order to have constituted intentional fraud, willful misconduct, or gross negligence; (b) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (c) any rights or obligations under the Fleet Sales Agreement and Fleet Sale Order; (d) any Causes of Action against the Debtors' non-Debtor subsidiaries or Affiliates held by any Entity; (e) any Released Party that is Class Action Defendant, solely with respect to the Class Action Claims asserted in the Class Action; (f) any Released Party from any Causes of Action asserted by (i) the Fisker Parties, (ii) any D&O that is not an Other Officer and Director, and/or (iii) the Debtors' non-Debtor subsidiaries or Affiliates; or (g) any Causes of Action of the Debtors against the Other Directors and Officers, including any such Causes of Action that are transferred to and vest in the Liquidating Trust.

## Injunction

Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Entities who have held, hold or may hold Causes of Action, Claims or Equity Interests in the Debtors or the Estates that have been released or are subject to exculpation are, with respect to any such Causes of Action, Claims or Equity Interests, permanently enjoined, from and after the Effective Date, from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, or the Exculpated Parties, or direct or indirect successor in interest to any of the foregoing Entities or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, the Released Parties, the Exculpated Parties or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, the Released Parties, the Exculpated Parties, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order, including, but not limited to, the releases and exculpations provided under Article XII.A, Article XII.B, Article XII.C, of the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; provided, however, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of this Plan. Each holder of an Allowed Claim or Allowed Equity Interest shall be deemed to have specifically consented to the injunctions set forth herein. For the avoidance of doubt, the foregoing provisions of this Section shall not operate to waive or release the rights of the Debtors or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection

with the Plan and Plan Supplement or assumed pursuant to the Plan or assumed pursuant to Final Order of the Bankruptcy Court.

***

**YOU ARE ADVISED TO CAREFULLY REVIEW THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO CONSENT TO THE THIRD-PARTY RELEASES IF THE COURT CONFIRMS THE PLAN. YOU MAY CHECK THE BOX BELOW TO OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, YOU WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES. YOUR RECOVERY UNDER THE PLAN WILL BE THE SAME IF YOU OPT OUT. ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION.**

The undersigned Holder of a Claim or Interest hereby elects to:

☐　　Opt out of the third-party releases contained in Article XII of the Plan. By checking this box, the undersigned Holder a Claim or Interest hereby acknowledges that, to the extent it is a Released Party under the Plan, **it is choosing to forego the benefits of obtaining such release and will not be considered a Released Party**.

**Acknowledgements and Certification**. By signing this Opt-Out Form, the undersigned acknowledges and certifies the following: (a) it has received and reviewed the Notice of Non-Voting Status and the materials that accompanied it; (b) it has the power and authority to elect whether to consent to the third-party releases contained in Article XII of the Plan; (c) it was the Holder of a Claim or Interest as of the Voting Record Date (or is entitled to submit this Opt-Out Form on behalf of such Holder); and (d) all authority conferred, or agreed to be conferred, pursuant to this Opt-Out Form, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

Print or type name of holder:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Signature:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Name of signatory (if different than holder):　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

If by authorized agent, title of agent:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Street address:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

City, state, and zip code:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Telephone number:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Email address:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Date completed:　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

-8-

## **Exhibit 5**

**Beneficial Holder Non-Voting Combined Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF PLAN CONFIRMATION, RELATED DEADLINES, AND NON-VOTING STATUS

On [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [●]] (the "**Solicitation Order**") that, among other things, (a) approved on an interim basis the Disclosure Statement contained in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* (the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable),[2] as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan, (b) approved the Solicitation and Tabulation Procedures on a final basis and authorized the Debtors to solicit votes to accept or reject the Plan in accordance with such procedures, (c) approved the forms of Ballots, Solicitation Package, and other related notices, (d) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (e) scheduled a Joint Hearing for the approval of the Disclosure Statement on a final basis and the confirmation of the Plan.

UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST AND/OR EQUITY INTEREST(S) IN THE DEBTORS IS (ARE) NOT ENTITLED TO VOTE ON THE PLAN.  CLAIMS IN CLASS 1 (OTHER PRIORITY CLAIMS) AND CLASS 2 (OTHER SECURED CLAIMS) ARE UNIMPAIRED AND DEEMED TO ACCEPT THE PLAN.  CLAIMS IN CLASS 5 (INTERCOMPANY CLAIMS), CLASS 6 (EQUITY INTERESTS), AND CLASS 7 (INTERCOMPANY INTERESTS) ARE IMPAIRED AND PRESUMED TO REJECT THE PLAN.  **You may wish to seek independent legal advice concerning the Combined DS and Plan and the classification and treatment of your Claim or Interest thereunder.  No Person or other Entity has been authorized to give any information or advice, or to make any representation, other than what is included in the Combined DS and Plan or the materials accompanying this notice.**  If you have any questions about the status of your Claim or Interest, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (888) 926-3479 (toll-free in the U.S. and Canada) or (310) 751-1825 (international).

YOU WILL NOT BE SERVED WITH A COPY OF THE SOLICITATION ORDER OR THE COMBINED DS AND PLAN.  If you wish to review copies of such documents, if you received your Notice of Non-Voting Status via email and desire a paper copy, if you received your Notice of Non-Voting Status in paper

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or Delaware file numbers, are as follows:  Fisker Inc. (0340); Fisker Group Inc. (3342); Fisker TN LLC (6212); Blue Current Holding LLC (6668); Platinum IPR LLC (4839); and Terra Energy Inc. (0739).  The address of the debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Order (including the Solicitation and Tabulation Procedures attached thereto) or the Combined DS and Plan (as defined below), as applicable.  Copies of those documents and additional information about the Chapter 11 Cases can be accessed free of charge on the Case Information Website (https://www.veritaglobal.net/fisker).

form but the Opt-Out Form is either missing or damaged, or if you need to obtain additional Opt-Out Forms, you may obtain copies at no charge by (a) accessing the Case Information Website (https://www.veritaglobal.net/fisker) or (b) contacting the Claims and Solicitation Agent via the methods set forth above.  Contact the Claims and Solicitation Agent via those same methods if you have any questions on how to properly complete or submit an Opt-Out Form.  **The Claims and Solicitation Agent cannot and will not provide legal advice.  DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

**UPON CONFIRMATION OF THE PLAN, ALL HOLDERS OF CLAIMS OR INTERESTS IN NON-VOTING CLASSES THAT DO NOT ELECT TO OPT OUT OF SUCH PROVISIONS, BY EITHER PROPERLY AND TIMELY RETURNING THE ATTACHED OPT-OUT FORM, SUBMITTING ONE THROUGH THE E-OPT-OUT PORTAL ON THE CASE INFORMATION WEBSITE, OR FILING AN OBJECTION TO THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES AS SET FORTH IN ARTICLE XII OF THE PLAN.**

**TO BE CONSIDERED VALID, OPT-OUT FORMS MUST BE SUBMITTED VIA THE E-OPT-OUT PORTAL ON THE CASE INFORMATION WEBSITE, OR THIS OPT-OUT FORM MUST BE COMPLETED, EXECUTED, AND RETURNED IN ACCORDANCE WITH THE SOLICITATION AND TABULATION PROCEDURES, SO AS TO BE ACTUALLY RECEIVED BY THE CLAIMS AND SOLICITATION AGENT, BY OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME) (THE "OPT-OUT DEADLINE"), UNLESS EXTENDED BY THE DEBTORS IN THEIR SOLE DISCRETION. HOLDERS ARE STRONGLY ENCOURAGED TO CONSIDER SUBMITTING THEIR OPT-OUT FORM VIA THE E-OPT-OUT PORTAL.**

A Joint Hearing on the final approval of the Disclosure Statement and confirmation of the Plan will commence on **October 9, 2024, at 10:00 a.m. (prevailing Eastern Time**) before the Honorable Thomas M. Horan, at 824 N. Market Street, #500, Wilmington, DE 19801.  Be advised that the Joint Hearing may be adjourned or continued from time to time by the Court or the Debtors by (a) announcing such adjournment or continuance in open court or (b) filing a notice on the Court's docket and serving it on parties entitled to notice under Bankruptcy Rule 2002.  In accordance with the Plan and the Solicitation Order, the Plan may be modified, if necessary, before, during or as a result of the Joint Hearing without further action by the Debtors and without further notice to or action, order, or approval of the Court or any other Entity.

The Court has established **October 4, 2024, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for filing and serving objections to the final approval of the Disclosure Statement and confirmation of the Plan (the "**Combined DS and Plan Objection Deadline**").  Any objection to the Plan must be filed with the Court in accordance with the Solicitation and Tabulation Procedures and be served on (i) the undersigned counsel to the Debtors, (ii) counsel to the Secured Noteholder, (A) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095, Attn: Scott Greissman and Elizabeth Feld, and (B) Klehr Harrison Harvey Branzburg LLP, 919 N. Market Street, Suite 1000, Wilmington, DE 19801-3062, Attn: Richard M. Beck and Alyssa M. Radovanovich, (iii) the U.S. Trustee J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn:  Linda Richenderfer (linda.richenderfer@usdoj.gov) and Malcolm M. Bates (malcolm.m.bates@usdoj.gov), and, (iv) counsel to the Official Committee of Unsecured Creditors, (A) Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi, Doug Mannal, and

Benjamin Butterfield, and (B) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto and Patrick J. Reilley.

If the Plan is confirmed by the Court, all holders of Claims against and Interests in the Debtors (including those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

If the Debtors revoke or withdraw the Plan, the Confirmation Order is not entered, or consummation of the Plan does not occur, your Opt-Out Form shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

Dated:  [●], 2024
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/             
Robert J. Dehney, Sr. (No. 3578)
Andrew R. Remming (No. 5120)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Tel: (302) 658-9200
rdehney@morrisnichols.com
aremming@morrisnichols.com

-and-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Darren S. Klein (admitted *pro hac vice*)
Richard J. Steinberg (admitted *pro hac vice*)
Amber Leary (*pro hac vice* pending)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
brian.resnick@davispolk.com
darren.klein@davispolk.com
richard.steinberg@davispolk.com
amber.leary@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

-3-

<u>INSTRUCTIONS FOR COMPLETING THE OPTIONAL OPT-OUT FORM</u>

**THE DEADLINE TO OPT OUT OF THE THIRD-PARTY RELEASES CONTAINED IN THE PLAN IS OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME).  ABSENT THE WRITTEN CONSENT OF THE DEBTORS, ALL OPT-OUT FORMS MUST BE PROPERLY COMPLETED, EXECUTED, AND DELIVERED ACCORDING TO THE INSTRUCTIONS HEREIN AND THE SOLICITATION AND TABULATION PROCEDURES, SO THAT THE FORMS ARE <u>ACTUALLY RECEIVED</u> BY THE CLAIMS AND SOLICITATION AGENT NO LATER THAN THE OPT-OUT DEADLINE.**

<u>**Return of Beneficial Holder Opt Out Form**</u>:  Your Beneficial Holder Opt Out Form MUST be returned to your Nominee in sufficient time to allow your Nominee to process your instructions on a Master Opt Out Form and return to the Claims and Noticing Agent so as to be **<u>actually received</u>** by the Solicitation Agent on or before the Opt Out Deadline, which is **October 7, 2024, at 12:00 p.m. (Prevailing Eastern Time).**

The method of delivery of Beneficial Opt Out Forms to your Nominee is at the election and risk of each Holder of an Interest.  Except as otherwise provided herein, such delivery will be deemed made to the Claims and Noticing Agent only when the Claims and Noticing Agent **<u>actually</u> <u>receives</u>** a Master Opt Out Form from your Nominee.  Beneficial Holders and their Nominees should allow sufficient time to assure timely delivery

If the "opt-out" box is not checked, or the Opt-Out Form is otherwise not properly completed, executed, or timely returned, then the Opt-Out Form may not be considered.

If you are completing this Opt-Out Form on behalf of another Person or other Entity, indicate your relationship with such Person or other Entity and the capacity in which you are signing and, if requested by the Debtors or the Claims and Solicitation Agent, submit satisfactory evidence of your authority to so act (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act).

Review the acknowledgements and certifications contained in the Opt-Out Form and provide all of the information requested therein.

In accordance with the Solicitation and Tabulation Procedures, any Opt-Out Form that is illegible, contains insufficient information to identify the Holder or is otherwise incomplete, **or is unsigned** may not be considered.

**OPTIONAL**
**Opt-Out Form**

Be advised that Article XII of the Plan contains the following exculpation, release, and injunction provisions:

**Exculpation**

No Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action or liability for any Claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with or arising out of, the administration of the Chapter 11 Cases, the entry into the Cash Collateral Orders, entry into the Liquidating Trust Agreement, the IP/Austria Assets Trust Agreement, the negotiation and pursuit of this Plan, or the solicitation of votes for, or confirmation of, this Plan, the funding of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, and the issuance of securities or beneficial interests under or in connection with this Plan or the transactions contemplated by the foregoing, except for willful misconduct, gross negligence, or intentional fraud as finally determined by a Final Order, but in all respects such Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to this Plan. The Exculpated Parties have participated in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation and distribution of the securities pursuant to the Plan, and are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of this Plan or such distributions made pursuant to this Plan. Notwithstanding anything to the contrary in the foregoing or any other provision of the Plan, the foregoing provisions of this exculpation provision shall not operate to waive or release the rights of the Debtors or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection with the Plan and Plan Supplement or assumed pursuant to the Plan or assumed pursuant to Final Order of the Bankruptcy Court.

**Releases by the Debtors**

Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, on and after the Effective Date, each Released Party (other than the Other Directors and Officers) is, and is deemed to be, hereby conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever released and discharged by the Debtors and their Estates, including any of their successors and assigns, and any and all other Entities who may purport to assert any Causes of Action, directly or derivatively, by, through, for, or because of the Debtors or their Estates from any and all Causes of Action whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Equity Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document

related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including, without limitation, any payments, distributions or transfers in connection therewith), the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth in this __Article XII.A__ do not release: (a) any Released Party from any Causes of Action arising from or related to any act or omission by such Released Party that is determined in a Final Order to have constituted intentional fraud, willful misconduct, or gross negligence; (b) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (c) any rights or obligations under the Fleet Sales Agreement and Fleet Sale Order; or (d) any Causes of Action against the Debtors' non-Debtor subsidiaries or Affiliates held by any Entity.

For the avoidance of doubt, the releases of the holders of the Secured Notes Claims and its Related Parties (as defined in the Cash Collateral Orders) by the Cash Collateral Orders are reaffirmed and not affected or disturbed by the Plan.

__Voluntary Releases by the Releasing Parties__

Except as otherwise provided in the Plan, as of the Effective Date and to the fullest extent authorized by applicable law, for good and valuable consideration, including the obligations of the Debtors under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, each Releasing Party conclusively, absolutely, unconditionally, generally, individually, collectively, irrevocably, and forever releases and discharges the Released Parties from any and all Causes of Action whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, contingent or noncontingent, in law, equity, contract, tort or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the holder of any Claim against, or Equity Interest in, a Debtor, the Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- and out-of-court restructuring efforts, the Chapter 11 Cases, the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests before or during the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, pursuit, performance, administration, implementation, or consummation of the Chapter 11 Cases (including, without limitation, any payments, distributions or transfers in connection therewith), the Global Settlement, the Cash Collateral Orders, the Plan Documents, the 2025 Notes Documents, the Bridge Note Documents, or any other instrument, contract, or document related to the foregoing, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth in this <u>Article XII.B</u> do not release: (a) any Released Party from any Causes of Action arising from or related to any act or omission by such Released Party that is determined in a Final Order to have constituted intentional fraud, willful misconduct, or gross negligence; (b) any post-Effective Date obligations of any party or Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (c) any rights or obligations under the Fleet Sales Agreement and Fleet Sale Order; (d) any Causes of Action against the Debtors' non-Debtor subsidiaries or Affiliates held by any Entity; (e) any Released Party that is Class Action Defendant, solely with respect to the Class Action Claims asserted in the Class Action; (f) any Released Party from any Causes of Action asserted by (i) the Fisker Parties, (ii) any D&O that is not an Other Officer and Director, and/or (iii) the Debtors' non-Debtor subsidiaries or Affiliates; or (g) any Causes of Action of the Debtors against the Other Directors and Officers, including any such Causes of Action that are transferred to and vest in the Liquidating Trust.

<u>Injunction</u>

Except as otherwise provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Entities who have held, hold or may hold Causes of Action, Claims or Equity Interests in the Debtors or the Estates that have been released or are subject to exculpation are, with respect to any such Causes of Action, Claims or Equity Interests, permanently enjoined, from and after the Effective Date, from: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, or the Exculpated Parties, or direct or indirect successor in interest to any of the foregoing Entities or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, the Released Parties, the Exculpated Parties or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities, or any property of any such transferee or successor; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Estates or any of their Assets, the Liquidating Trust, the IP/Austria Assets Trust, the Released Parties, the Exculpated Parties, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing Entities; (iv) commencing or continuing in any manner or in any place, any suit, action or other proceeding on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or to be released pursuant to the Plan or the Confirmation Order, including, but not limited to, the releases and exculpations provided under Article XII.A, Article XII.B, Article XII.C, of the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan to the fullest extent permitted by applicable law; and (vi) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of this Plan; provided, however, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of this Plan. Each holder of an Allowed Claim or Allowed Equity Interest shall be deemed to have specifically consented to the injunctions set forth herein.  For the avoidance of doubt, the foregoing provisions of this Section shall not operate to waive or release the rights of the Debtors or other parties in interest to enforce the Plan and the contracts, instruments, releases and other agreements or documents delivered under or in connection

with the Plan and Plan Supplement or assumed pursuant to the Plan or assumed pursuant to Final Order of the Bankruptcy Court.

***

**YOU ARE ADVISED TO CAREFULLY REVIEW THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**AS A HOLDER OF A CLAIM OR INTEREST UNDER THE PLAN, YOU ARE DEEMED TO CONSENT TO THE THIRD-PARTY RELEASES IF THE COURT CONFIRMS THE PLAN. YOU MAY CHECK THE BOX BELOW TO OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN. IF YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE XII OF THE PLAN, YOU WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE RELEASED PARTIES. YOUR RECOVERY UNDER THE PLAN WILL BE THE SAME IF YOU OPT OUT. ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION.**

The undersigned Holder of a Claim or Interest hereby elects to:

☐　　Opt out of the third-party releases contained in Article XII of the Plan. By checking this box, the undersigned Holder a Claim or Interest hereby acknowledges that, to the extent it is a Released Party under the Plan, **it is choosing to forego the benefits of obtaining such release and will not be considered a Released Party**.

**Acknowledgements and Certification**. By signing this Opt-Out Form, the undersigned acknowledges and certifies the following: (a) it has received and reviewed the Notice of Non-Voting Status and the materials that accompanied it; (b) it has the power and authority to elect whether to consent to the third-party releases contained in Article XII of the Plan; (c) it was the Holder of a Claim or Interest as of the Voting Record Date (or is entitled to submit this Opt-Out Form on behalf of such Holder); and (d) all authority conferred, or agreed to be conferred, pursuant to this Opt-Out Form, and every obligation of the undersigned hereunder, shall be binding on the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy, and legal representatives of the undersigned, and shall not be affected by, and shall survive, the death or incapacity of the undersigned.

Print or type name of holder: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Signature: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Name of signatory (if different than holder): ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

If by authorized agent, title of agent: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Street address: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

City, state, and zip code: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Telephone number: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Email address: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Date completed: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

**PLEASE RETURN YOUR BENEFICIAL HOLDER OPT OUT FORM PROMPTLY TO YOUR NOMINEE IN THE FORM REQUESTED BY YOUR NOMINEE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BENEFICIAL OPT OUT FORM OR THE INSTRUCTIONS OR PROCEDURES, PLEASE CONTACT THE CLAIMS AND NOTICING AGENT AT:**

**(866) 967-0263 (USA or Canada) or (310) 751-2663 (International)**
**Or via online form: https://www.veritaglobal.net/fisker/inquiry**

**Exhibit 6**

**Master Opt-Out Form**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FISKER INC., *et al.*, | Case No. 24-11390 (TMH) |
| Debtors. | (Jointly Administered) |

**MASTER CLAIMS AND INTEREST OPT-OUT FORM FOR CLASS 6**

On [●], 2024, the United States Bankruptcy Court for the District of Delaware (the "**Court**") entered an order [Docket No. [●]] (the "**Solicitation Order**") that, among other things, (a) approved on an interim basis the Disclosure Statement contained in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* (the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable),[1] as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan, (b) approved the Solicitation and Tabulation Procedures on a final basis and authorized the Debtors to solicit votes to accept or reject the Plan in accordance with such procedures, (c) approved the forms of Ballots, Solicitation Package, and other related notices, (d) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (e) scheduled a Joint Hearing for the approval of the Disclosure Statement on a final basis and the confirmation of the Plan.

**Before you complete this Master Opt-Out Form, you should review the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and its Debtor Affiliates* [Docket No. [●]] (the "Combined DS and Plan," the "Disclosure Statement," or the "Plan," as applicable).**

You are receiving this Master Opt-Out because you are the Nominee (as defined below) of a Beneficial Holder[2] of an Equity Interest in Class 6 (a "Class 6 Interest") as of **September 11, 2024** (the "Voting Record Date")

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Nominee"); or as the proxy holder of a Nominee for certain Beneficial Holders' Class 6 Interests to transmit to the Solicitation Agent the opt-out elections of such Beneficial Holders in respect of their Class 6 Interests to accept or reject the Plan. THE VOTES ON THIS BALLOT FOR BENEFICIAL HOLDERS OF INTERESTS IN CLASS 6 SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLASS 6 INTERESTS.**

The rights and treatment of each Class are described in the Combined DS and Plan, which you can access free of charge by visiting the Debtors' Case Information Website (https://www.veritaglobal.net/fisker), or by accessing the link at the following QR code:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Order (including the Solicitation and Tabulation Procedures attached thereto) or the Combined DS and Plan (as defined below), as applicable. Copies of those documents and additional information about the Chapter 11 Cases can be accessed free of charge on the Case Information Website (https://www.veritaglobal.net/fisker).

[2] "Beneficial Holder" is a beneficial owner of a Class 6 Interest whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company ("DTC") or other relevant security depository as of the Voting Record Date.



If you have any questions about how to access any documents filed in these Chapter 11 Cases, or how to fill out and submit this Master Opt-Out Form, contact the Claims and Solicitation Agent at https://www.veritaglobal.net/fisker/inquiry or via telephone at (877) 499-4509 (toll-free in the U.S. and Canada) or (917) 281-4800 (international).  **The Claims and Solicitation Agent cannot and will not provide legal advice.  DO NOT DIRECT ANY INQUIRIES TO THE COURT.**

You are authorized to disseminate information and materials pertaining to the solicitation of Plan votes, to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) the Beneficial Holder ballots provided to you with this Master Ballot (a "Beneficial Holder Ballot"), and to collect votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

The Bankruptcy Court may confirm the Plan and thereby bind all Beneficial Holders of Claims and Interests.  To have the votes of your Beneficial Holders count as either an acceptance or rejection of the Plan, you must complete and return this Master Ballot so that the Solicitation Agent **actually receives** it on or before the Voting Deadline.

### INSTRUCTIONS FOR COMPLETING THE MASTER OPT-OUT FORM FOR HOLDERS OF CLASS 6 INTERESTS

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS OCTOBER 7, 2024 AT 12:00 P.M. (PREVAILING EASTERN TIME).**

You should immediately distribute the Beneficial Holder Opt-Out Forms (or other customary material used to collect votes in lieu of the Beneficial Holder Opt-Out Forms) to all Beneficial Holders of Class 6 Interests and take any action required to enable each such Beneficial Holder to timely vote the Claims that it holds.  You may distribute the Solicitation Packages to Beneficial Holders, as appropriate, in accordance with your customary practices.  You are authorized to collect opt-out elections from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Opt-Out Form, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.  Any Ballot returned to you by a Beneficial Holder of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to the Solicitation Agent, a Master Ballot that reflects the vote of such Beneficial Holders by **12:00 p.m., prevailing Eastern Time, on October 7, 2024**, or otherwise validate the Ballot in a manner acceptable to the Solicitation Agent.

If you are transmitting the votes of any Beneficial Holders of Claims in the Voting Class, you shall within three (3) Business Days after receipt by such Nominee of the Beneficial Holder Opt-Out Forms, forward the Solicitation Package to the Beneficial Holder of the Class 6 Interests for voting (along with a return envelope provided by and addressed to the

-2-

Nominee, if applicable), with the Beneficial Holder then returning the individual Beneficial Holder Opt-Out Form to the Nominee or voting as otherwise instructed by the Nominee. In such case, the Nominee will tabulate the votes of its respective Beneficial Holders on a Master Ballot that will be provided to the Nominee separately by the Solicitation Agent, in accordance with any instructions set forth in the instructions to the Master Opt-Out Form, and then return the Master Ballot to the Solicitation Agent. The Nominee should advise the Beneficial Holders to return their individual Beneficial Holder Opt-Out Forms to, or submit their elections as otherwise instructed by, the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to the Solicitation Agent so that the Master Opt-Out Form is actually received by the Solicitation Agent on or before the Voting Deadline.

With regard to any Ballots returned to you by a Beneficial Holder, you must: (a) compile and validate the opt-out elections and other relevant information of each such Beneficial Holder on the Master Opt-Out Form using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Opt-Out Form; (c) transmit such Master Opt-Out to the Solicitation Agent by the Voting Deadline; and (d) retain such Beneficial Holder Opt-Out Forms from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of at least two (2) years after the Effective Date. You may be ordered to produce the Ballots to the Debtors or the Bankruptcy Court.

**Item 1. Certification of Authority to Make Elections.**

The undersigned certifies that as of the Voting Record Date, the undersigned:

☐      Is a Nominee for the Beneficial Holders in the number of Interests listed in Item 2 below; or

☐      Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee for the Beneficial Holders in the number of Interests listed in Item 2 below; or

☐      Has been granted a proxy (an original of which is attached hereto) from a Nominee for the Beneficial Holders (or the Beneficial Holders itself/themselves) in the number of Interests listed in Item 2 below; and accordingly,

☐      Has full power and authority to convey decisions to opt out of the Release, on behalf of the Beneficial Holders of the Interests described in Item 2.

**Item 2. Optional Third-Party Release Election.**

The undersigned certifies that that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of Interests, as identified by their respective account numbers, that made a decision to opt out of the Third-Party Release via e-mail, telephone, internet application, facsimile, voting instruction form, or other customary means of conveying such information.

Indicate in the appropriate column below the Beneficial Holder/Account Number of each Beneficial Holder that completed and returned the Beneficial Holder Opt-Out Form and the number of Interests held by such Beneficial Holder/Account Number electing to Opt-Out of the Third-Party Release or attach such information to this Master Opt-Out Form in the form of the following table.

Please complete the information requested below (add additional sheets if necessary):

| Beneficial Holder/Account Number | Number of Interest Holders Electing to Opt Out of the Third-Party Release |
|---|---|
| 1. | |
| 2. | |

| | |
|---|---|
| 3. | |
| 4. | |
| 5. | |
| **TOTAL** | |

**Item 3.** **Additional Certifications.**

By signing this Master Opt-Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors:

> that either:  (i) the undersigned has received a completed Opt-Out Form from each Beneficial Holder of Interests listed in Item 2 of this Master Opt-Out Form, or (ii) an e-mail, recorded telephone call, internet transmission, facsimile, voting instruction form, or other customary means of communication conveying a decision to Opt-Out of the releases from each Holder of Interests;
>
> that the undersigned is a Nominee (or agent of the Nominee) of the Beneficial Holders of Interests listed in Item 2 of this Master Opt-Out Form; and
>
> that the undersigned has properly disclosed for each Beneficial Holder who submitted a Beneficial Holder Opt-Out Form or Opt Out elections via other customary means:  (i) the respective number of the Interests owned by each Beneficial Holder and (ii) the customer account or other identification number for each such Beneficial Holder.

| | |
|---|---|
| **Institution:** | |
| | *(Print or Type)* |
| **DTC Participant Number:** | |
| **Signature:** | |
| **Name of Signatory:** | |
| **Title:** | |
| **Address:** | |
| | |
| | |
| **Date Completed:** | |

**TO OPT OUT, PLEASE SUBMIT YOUR OPT OUT FORM BY ONE OF THE FOLLOWING TWO METHODS:**

**Via E-Mail.**  Submit your Master Opt Out Form to the Claims and Noticing Agent via e-mail at:

**FiskerBallots@veritaglobal.com**

-4-

**Via Paper Form.** Complete, sign, and date this Master Opt Out Form and return it promptly via first-class mail (or in the reply envelope provided), overnight courier, or hand delivery to:

> Fisker Ballot Processing Center
> c/o KCC dba Verita
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245
>
> If you have any questions on the procedures for voting on the Plan, please call the Claims and Noticing Agent at: (877) 499-4509 (USA or Canada) or (917) 281-4800 (International).

Parties that submit their Master Opt-Out Form via e-mail do NOT need to also submit a paper Master Opt-Out Form.

IF THE SOLICITATION AGENT DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER OPT OUT FORM ON OR BEFORE 12:00 P.M. PREVAILING EASTERN TIME ON OCTOBER 7, 2024, THEN THE ELECTIONS TRANSMITTED HEREBY WILL NOT BE EFFECTIVE.

OPT-OUT FORMS SENT BY FACSIMILE OR TELECOPY WILL <u>NOT</u> BE ACCEPTED.