## **Schedule 2**

**Order (without form Rejection Notice)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 24-11390 (TMH) |
| FISKER INC., *et al.*, | (Jointly Administered) |
| Debtors.[1] | **Re: Docket No. 13** |

### ORDER (I) AUTHORIZING DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND (II) AUTHORIZING AND ESTABLISHING PROCEDURES TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "**Motion**")[2] of Fisker Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 6007, (a) authorizing the rejection of the Initial Leases, (b) authorizing and establishing the Rejection Procedures herein for (i) rejecting Contracts and Leases and (ii) abandoning personal property in connection with any rejected Contract or Lease, and (c) authorizing and approving the Rejection Notice to affected Counterparties, substantially in the form attached hereto, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or Delaware file numbers, are as follows: Fisker Inc. (0340); Fisker Group Inc. (3342); Fisker TN LLC (6212); Blue Current Holding LLC (6668); Platinum IPR LLC (4839); and Terra Energy Inc. (0739). The address of the debtors' corporate headquarters is 14 Centerpointe Drive, La Palma, CA 90623.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent

with Article III of the United States Constitution; and the Court having found that venue of the

Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§

1408 and 1409; and the Court having found that the form and manner of the Rejection Notice to

be delivered pursuant to the Rejection Procedures are reasonably calculated to provide each

Counterparty with proper notice of (a) the prospective rejection of its Contract or Lease, (b) the

effective date thereof, and (c) the objection deadline in connection therewith; and the Court having

reviewed and considered the Motion and the DiDonato Declaration; and the Court having held a

hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court

having determined that the legal and factual bases set forth in the Motion and the DiDonato

Declaration and at the Hearing (if any) establish just cause for the relief granted herein; and the

Court having found that the relief requested in the Motion is in the best interests of the Debtors,

their creditors, their estates, and all other parties in interest; and all objections and reservations

of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved,

or overruled; and upon all of the proceedings had before the Court; and after due deliberation

and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.        The Motion is granted to the extent set forth in this order (this "**Order**").

2.        Pursuant to sections 365 and 105 of the Bankruptcy Code, the Initial Leases are

rejected, effective as of the applicable Initial Lease Rejection Dates (as set forth on **Exhibit 1**

annexed hereto).

3.        Nothing in this Order shall affect the rights of any party in interest to assert any

rights or claims arising from or related to rejection, nor shall this Order limit the nature, extent or

priority of any such claims. Claims arising from or related to rejection shall be subject to further orders of the Court, including any order that establishes deadlines by which holders of such claims are required to file proofs of claim in the Debtors' Chapter 11 Cases.

4.     The following procedures (the "**Rejection Procedures**") are hereby approved in connection with rejecting Contracts and Leases:

(a)    **Rejection Notice**. To reject a Contract or Lease in accordance herewith, the Debtors shall, upon not less than one (1) business day's advance notice to counsel for the Official Committee of Unsecured Creditors (the "**Committee**") in the Chapter 11 Cases, absent exigent circumstances that require shorter notice in the Debtors' reasonable discretion, file a notice, substantially in the form attached hereto as **Exhibit 2** (the "**Rejection Notice**"), that includes a copy of this Order (without the form Rejection Notice attached hereto) and sets forth, among other things, the following: (i) the Contracts or Leases to be rejected; (ii) the names and addresses of the applicable Counterparties; (iii) the name of the applicable Debtor; (iv) the effective date of the rejection for such Contracts or Leases (the "**Rejection Date**"), which may be the filing date of the Motion or, for a real property Lease, the date upon which the applicable Debtor surrenders in writing (including via email) the premises to the landlord and returns the keys, key codes, or security codes, as applicable; (v) a reasonable description of any personal property to be abandoned in connection with the proposed rejection; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). Each Rejection Notice may list multiple Contracts or Leases and, notwithstanding Bankruptcy Rule 6006(f)(6), may list more than 100 Contracts or Leases; *provided*, that each Rejection Notice shall list all Contracts and Leases alphabetically by Counterparty and a copy of such Rejection Notice shall be served upon the applicable Counterparty in accordance with subparagraph (b) below. For the avoidance of doubt, nothing herein shall prejudice the Debtors' right to file multiple separate Rejection Notices in their sole discretion.

(b)    **Service of Rejection Notice**. The Debtors shall cause the Rejection Notice to be served via first-class mail, overnight, delivery service, fax, or email upon (i) the Counterparties listed thereon, (ii) the U.S. Trustee, 844 N. King Street, Suite 2207, Wilmington, DE 19801, Attn: Linda Richenderfer and Malcolm M. Bates, and (iii) counsel to the Committee, (A) Morrison & Foerster LLP, 250 West 55th Street, New York, NY, 10019, Attn: Lorenzo Marinuzzi (lmarinuzzi@mofo.com), Douglas Mannal (dmannal@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com), Miranda K. Russell (mrussell@mofo.com) and (B) Cole Schotz P.C., 500

Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Justin R. Alberto (jalberto@coleschotz.com) (the "**Service Parties**").

(c)     **Objection Procedures**.  The deadline to file an objection ("**Rejection Objection**") to the proposed rejection of a Contract or Lease or any proposed abandonment of personal property in connection therewith shall be 4:00 p.m. (prevailing Eastern Time) on the date that is seven days from the date that the Rejection Notice is filed and served (the "**Rejection Objection Deadline**").  The Rejection Objection Deadline may be extended with respect to a particular Contract or Lease with the written consent of the Debtors (email being sufficient).  A Rejection Objection will be considered timely only if, on or prior to the Rejection Objection Deadline, it is filed with the Court and served upon (i) the Service Parties, and (ii) counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, Attn: Brian M. Resnick, Darren S. Klein, Steven Z. Szanzer, and Richard J. Steinberg and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St, Wilmington, DE 19801, Attn: Robert J. Dehney, Sr., Andrew R. Remming, Brenna A. Dolphin, Sophie Rogers Churchill, and Echo Yi Qian.  In addition to the foregoing, a Rejection Objection must (i) be in writing, in English, and in text-searchable format, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and (iii) state, with specificity, the legal and factual bases thereof.  For the avoidance of doubt, an objection to the rejection of any particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract or Lease listed thereon.  For the further avoidance of doubt, if a Rejection Objection only pertains to the abandonment of personal property but not the underlying rejection of the related Contract or Lease, or vice versa, only the component actually objected to shall be considered opposed.

(d)     **No Unresolved Objection**.  If there is no outstanding and unresolved timely and properly filed Rejection Objection, each Contract and Lease on the applicable Rejection Notice shall be deemed rejected as of the Rejection Date or such other date as may be agreed to by the Debtors and the applicable Counterparty.

(e)     **Unresolved Objection**.  If a timely and properly filed Rejection Objection remains outstanding and unresolved, the Debtors may request that the Court schedule a hearing on such objection.  If such Rejection Objection is overruled or withdrawn, such Contract or Lease shall be treated as set forth in the immediately preceding subparagraph (d), unless otherwise ordered by the Court.

(f)     **Modifications of Rejection Notice**.  The Debtors reserve the right to remove any Contract or Lease from the schedule to any Rejection Notice at any time prior to the applicable Rejection Objection Deadline.

(g)    **Abandoned Property**.  Following consultation with the Committee, the Debtors are authorized, but not directed, to abandon any of the Debtors' personal property that may be located on the premises subject to the underlying rejected Contract or Lease, and such property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code at the same time that the underlying Contract or Lease is deemed rejected in accordance with subparagraphs (d)–(e) hereof; *provided, however*, nothing in this Order authorizes the Debtors to abandon or otherwise dispose of customers' "personally identifiable information" in contravention of otherwise applicable non-bankruptcy law.

(h)    **Rejection Damages**.  Any claims arising out of the rejection of a Contract or Lease or the abandonment of any personal property in connection therewith must be filed by the later of (i) the deadline for filing proofs of claim established in the Chapter 11 Cases, (ii) 35 days after the date of filing of the applicable Rejection Notice, or (iii) if a Rejection Objection is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated.  Any person or entity that fails to timely file such proof of claim, (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim with respect thereto in the Chapter 11 Cases, (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the Chapter 11 Cases, and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.

5.    The Debtors' rejection of the Contracts and Leases in accordance with the Rejection Procedures is hereby approved and effective pursuant to section 365 of the Bankruptcy Code.

6.    Approval of the Rejection Procedures and this Order shall not prevent the Debtors from seeking to reject a Contract or Lease by a separate court filing (*e.g.*, a motion, stipulation, or chapter 11 plan), nor, for the avoidance of doubt, shall the Debtors be precluded from assuming and assigning a Contract or Lease by a separate court filing.

7.    Absent order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

8.      All rights and defenses of the Debtors and any other party in interest's rights (including the Committee) are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a rejection of a Contract or Lease.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

9.      Any period of time prescribed or allowed by the Rejection Procedures shall be computed in accordance with Bankruptcy Rule 9006.

10.      Notwithstanding the relief granted herein and any actions taken hereunder (including under the Rejection Procedures), nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11.      Nothing in this Order nor the Debtors' payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, basis for, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' or any other party in interest's right (including by the Committee) to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, or (f) an implication, admission or finding that

any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified in the Motion or this Order except as otherwise provided for in this Order.

12.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

13.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14.     The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

15.     The Court shall retain jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: July 29th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**